UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWING D. DANIEL,**

      **Plaintiff,**

v.                                         CASE NO.:

**NAVIENT SOLUTIONS, LLC,**        JURY TRIAL DEMANDED

      **Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Edwing D. Daniel, by and through the undersigned attorneys, hereby files this Class Action Complaint against the Defendant Navient Solutions, LLC, and states as follows:

## PRELIMINARY STATEMENT

1. This is an action against Navient Solutions, LLC for negligence, breach of fiduciary duty, unjust enrichment, violation of the Fair Debt Collection Practices Act, and violation of the Florida Consumer Collection Practices Act.

2. Beginning in 2007, many thousands of individuals chose to serve their communities and their country because the Public Service Loan Forgiveness program would allow those people to later have their student loans forgiven.

3. For years, Navient Solutions, LLC has told its customers that they were eligible to have their loans forgiven after 120 payments, despite knowing that those individuals did not have eligible loans.

4. Plaintiff seeks damages, costs and attorney's fees from Navient Solutions, LLC for the above violations.

1

## JURISDICTION AND VENUE

5. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

6. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

7. Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

9. Plaintiff, Edwing D. Daniel, Ph.D. ("Plaintiff" or "Dr. Daniel") is a natural person who resides in Hillsborough County, Florida. Plaintiff is a "consumer," as that term is defined by Section 559.55(2), Florida Statutes, and 15 U.S.C. § 1692a(3).

10. Defendant, Navient Solutions, LLC, also known as "Navient" ("Defendant" or "Navient"), a Delaware corporation, is headquartered in Delaware, does business in the State of

Florida, and is a "person" under Section 559.72, Florida Statutes, and a "debt collector" under 15 U.S.C. § 1692a(6).

11. The Defendant's actions set forth below are wholly without excuse.

12. At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission, and authorization of Defendant.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated student loan borrowers in the United States who are employed full-time by a government or a nonprofit corporation that is a qualifying organization for purposes of the Public Service Loan Forgiveness Program, and who within four years of the filing of this Complaint, had student loans serviced by Navient that were in repayment status (the "Class").

### *Numerosity*

14. The class is so numerous that joinder of all members is impracticable. Plaintiff estimates the Class has approximately 600,000 members.

### *Commonality*

15. There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. Specifically, these common questions of law and fact include, without limitation, (1) whether Defendant is liable for negligence; (2) whether Defendant is liable for breach of fiduciary duty; (3) whether Defendant is liable for unjust enrichment; (4) whether Defendant violated the FDCPA; and (5) whether Defendant violated the FCCPA.

*Typicality*

16. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interest adverse or antagonistic to the interests of other members of the Class.

*Adequacy of Class Representation*

17. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

*Predominance of Common Questions*

18. The common questions set forth in Paragraph 0 predominate over any individual issues.

*Superiority of Class Resolution*

19. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

20. A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

21. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for Defendant's conduct.

22. Absent a class action, the Class members will continue to have their rights violated and will continue to suffer monetary damages.

23. Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire Class.

**FACTUAL ALLEGATIONS**

24.     Navient (formerly known as Sallie Mae, Inc.) is the largest student loan servicer in America. Navient services the loans of more than 12 million borrowers, including over 6 million customer accounts under a contract with the U.S. Department of Education, and more than $300 billion in federal and private student loans.

25.     Navient's principal responsibilities as a student loan servicer include managing borrowers' accounts; processing monthly payments; assisting borrowers to learn about, enroll in, and remain in alternative repayment plans; and communicating directly with borrowers about the repayment of their loans.

26.     Navient owes a duty to its customers to provide accurate information. The U.S. Department of Education has publicly encouraged borrowers to consult their federal student loan servicers to determine the best repayment option or alternative for that individual borrower. In several places on its website, the U.S. Department of Education has advised borrowers to contact their student loan servicers before applying for any alternative repayment plan or forbearance, with statements such as the following: "Work with your loan servicer to choose a federal student loan repayment plan that's best for you"[1]; "Your loan servicer will help you decide whether one of these plans is right for you"[2]; and "Always contact your loan servicer immediately if you are having trouble making your student loan payment."[3]; "Why pay for help with your federal

---

[1] Federal Student Aid, U.S. Department of Education, *Repayment Plans*, https://studentaid.ed.gov/sa/repay-loans/understand/plans (last visited Aug. 15, 2017).
[2] Federal Student Aid, U.S. Department of Education, *Income-Driven Repayment Plans*, https://studentaid.ed.gov/sa/repay-loans/understand/plans/income-driven (last visited Aug. 15, 2017).
[3] Federal Student Aid, U.S. Department of Education, *Deferment and Forbearance*, https://studentaid.ed.gov/sa/repay-loans/deferment-forbearance (last visited Aug. 15, 2017).

student loans when your loan servicer will help you for FREE? Contact your servicer to apply for income-driven repayment plans, student loan forgiveness, and more."[4]

27.   Further, Navient holds itself out as a resource for individuals to use to determine the most financially-beneficial path to student loan repayment.

28.   For example, Navient's website represents that Navient's "Philosophy" is "to enhance the financial success of our customers by delivering innovative solutions and insights with compassion and personalized service."[5]

29.   In 2007, the United States Department of Education enacted the Public Service Loan Forgiveness program ("PSLF") to encourage participation in public service. Many public service fields traditionally offer lower wages than their private-sector counterparts. Individuals with average student loan debt and entry-level salaries in these fields are likely to face financial hardship when repaying their student loans.

30.   The PSLF was created to protect public service workers against the prospect of this financial hardship and provide a pathway to satisfy their student loan obligation over a set period of time –ten years.

31.   Recent data released by the Department of Education show that low-to-moderate income student loan borrowers comprise the largest share of borrowers expected to benefit from PSLF.[6] As of 2016, nearly two thirds (62 percent) of borrowers who have certified intent to pursue PSLF reported earning less than $ 50,000 per year.[7] The vast majority of borrowers (86 percent) earned less than $75,000 per year.[8]

---

[4] Federal Student Aid, U.S. Department of Education, *Public Service Loan Forgiveness*, https://studentaid.ed.gov/sa/repay-loans/forgiveness-cancellation/public-service (last visited Aug. 15, 2017)
[5] Navient, *Our Philosophy*, https://navient.com/about/who-we-are/philosophy/ (last visited Aug. 15, 2017).
[6] *See* U.S. Dept. of Education, Direct Loan Public Service Loan Forgiveness (July 2016), http://fsaconferences.ed.gov/conferences/library/2016/NASFAA/2016NASFAADirectLoanPSLF.pdf
[7] See U.S. Dept. of Education, 2016 FSA Training Conference for Financial Aid Professionals (Nov. 2016),

32. To be eligible for the PSLF program, borrowers must meet four basic requirements:

- The borrower must have one or more Direct Loans.

- The borrower must make 120 qualifying payments.

- The borrower must be enrolled in a qualifying repayment plan.

- The borrower must work full-time for a qualified employer.

33. After meeting the above requirements, borrowers can have the outstanding balance of their loans forgiven. This is a significant benefit that makes public service possible for many individuals who otherwise could not afford to take a public-sector job.

34. Only loans made under the William D. Ford Direct Loan Program ("Direct Loans") are eligible to be forgiven under the PSLF. Direct Loans are loans on which the federal government is the lender. Previously, the government would act only as a guarantor of loans funded by private lenders.

35. Borrowers with other types of federal loans, such as Federal Family Education Loan Program (FFELP) Loans or Perkins Loans, are not eligible for PSLF. Student loan borrowers may consolidate these loans into a Direct Consolidation Loan in order to become eligible, but payments made prior to the consolidation do not qualify towards the PSLF forgiveness.

36. Navient's customer service representatives were entrusted by both the federal government and the borrowers themselves to help borrowers pay the least amount they are required to pay the satisfy their student loan obligations.

---

http://fsaconferences.ed.gov/conferences/library/2016/2016FSAConfSession18.ppt

[8] *Id.*

7

37. But instead of helping borrowers by giving them correct information, Navient customer service representatives routinely gave incorrect information to borrowers who inquired as to their eligibility for the PSLF program.

38. Dr. Daniel is once such consumer. Dr. Daniel has been employed by the University of South Florida since 2011. He is currently the Assistant Dean of MD Admissions and Scholarships for the University of South Florida Morsani College of Medicine.

39. Dr. Daniel had several conversations with Navient representatives regarding his eligibility under the PSLF program. In one such conversation in approximately November 2011, Dr. Daniel telephoned Navient [then doing business as Sallie Mae] and inquired to determine whether he was on track to be eligible for the PSLF.

40. The Navient customer service representative informed Dr. Daniel that he would indeed be eligible to receive the PSLF benefit. The representative told Dr. Daniel that to qualify he only needed to make consecutive payments, could not make any late payments, and could not defer any payments. The representative told him that if he was late on a payment, the "clock" would reset on the PSLF program for Dr. Daniel. However, all of the statements made by the Navient representative were false.

41. The representative made no mention of Dr. Daniel needing to be in a specific loan program or have a particular type of loan to be eligible.

42. However, Dr. Daniel would never have actually been eligible because he did not have a Direct Loan.

43. Dr. Daniel had been paying approximately $1000 per month with the expectation that the outstanding balance of his loans would be forgiven under PSLF. Had Navient given Dr. Daniel correct information, Dr. Daniel could have addressed the situation to make sure he was

eligible for that forgiveness. Instead, not a single payment he has made has counted towards PSLF and Dr. Daniel will not be eligible to receive loan forgiveness for another ten years.

44. Dr. Daniel is not the only person in this situation. The Consumer Financial Protection Bureau ("CFPB") reviewed a sample of 8,494 federal student loan servicing complaints between March 1, 2016, and February 28, 2017, and analyzed the nature of the complaints.

45. The CFPB found that, of that sample, 10% of all student loan servicing complaints related to the Public Service Loan Forgiveness Program.

46. Further, of the 8,494 borrowers sampled, 54% (or 4,638) were complaining about Navient.

47. In its report, "Staying on track while giving back" (June 2017), the CFPB examined issues that formed the basis of complaints about the PSLF. The first issue highlighted is that "**Borrowers report spending years making payments, believing they were making progress towards PSLF, before servicers explain that their loans do not qualify for PSLF**." P. 29 (emphasis in original).

48. For example, in the CFPB report, the CFPB includes an e-mail from one person stating:

> I started working for a public school and learned about the loan forgiveness program. I called [my servicer] to consolidate my loans to qualify for loan forgiveness. They said that their income based loan would qualify me for the loan forgiveness program. I consolidated my loans, and AGAIN asked "does this qualify me for loan forgiveness program?" They told me, "I was all set!" They also stated that there was no form to submit for loan forgiveness until I completed 120 payments over 10 years so I did not follow up sooner. Recently, I called to check in around this, and was informed that I WAS NOT in the loan forgiveness program, and that I needed to consolidate my loans [into a Direct Loan]. . . I have been paying for 4 years and was misled by this company completely . . . Now I have

>consolidated my loans [into a] a direct loan, and have ONE payment toward my 10 years."

49. Due to Navient's conduct, Borrowers like Dr. Daniel have lost years of payments that could have gone towards qualifying for the PSLF.

50. Dr. Daniel, and others in his situation, are damaged by Navient's actions. Among other things, Dr. Daniel must now make all of the payments that otherwise would have been forgiven had Navient provided correct information. Those payments include interest, principal, and fees.

51. Further, Navient has benefited from the extra principal, fees, and interest it would not have otherwise collected had borrowers been given correct information and been given the opportunity to make their loans eligible for the PSLF.

52. Moreover, student loan servicers, including Navient, are contracted to and compensated for helping consumers navigate the process of qualifying for PSLF. Lenders or loan holders, including the Department of Education, generally contract with private companies to administer all aspects of federal student loan repayment, including answering borrowers' questions about the repayment of federal student loans and about available loan forgiveness programs. Additionally, borrowers who express interest in PSLF rely on their servicers to have the necessary information to help them stay on track with their repayment plans.

53. However, instead of using that compensation to create policies and procedures that benefit borrowers, Navient used it to reap profits at the expense of those same borrowers.

54. Navient has compensated its customer service personnel, in part, based on average call time. As a result, engaging in lengthy and detailed conversations with borrowers about their particular financial situations and trying to determine the repayment situation plan that is most appropriate for each borrower would have been financially detrimental for those employees.

55. Defendant's actions were the result of either intentional misconduct or gross negligence motivated solely by financial gain and the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from that conduct, was actually known by individuals making policy decisions on behalf of Defendant.

56. All conditions precedent to this action have occurred, have been satisfied or have been waived.

## COUNT I

## BREACH OF FIDUCIARY DUTY BY NAVIENT

57. This is an action against Navient for breach of fiduciary duty.

58. Plaintiff re-alleges and incorporates paragraphs 1 through 56, as if fully set forth herein.

59. Navient has a fiduciary duty to its customers to provide accurate information regarding loan options.

60. By repeatedly giving customers false information regarding the status of their eligibility for the Public Service Loan Forgiveness Program, Navient breached that duty.

61. That breach has led to damages, including payment of amounts that Plaintiff would not have been responsible for had Navient provided accurate information to customers about their loans.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor as to Count I, awarding Plaintiff damages, plus pre-judgment and post-judgment interest, and punitive damages, and awarding Plaintiff all such further relief as the Court deems necessary and proper.

## COUNT II

## NEGLIGENCE BY NAVIENT

62. This is an action against Navient for negligence.

63. Plaintiff re-alleges and incorporates paragraphs 1 through 56, as if fully set forth herein.

64. Navient has a duty to its customers to provide accurate information regarding loan options.

65. By repeatedly giving customers false information regarding the status of their eligibility for the Public Service Loan Forgiveness Program, Navient breached that duty.

66. That breach has led to damages, including payment of amounts that Plaintiff would not have been responsible for had Navient provided accurate information to customers about their loans.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor as to Count I, awarding Plaintiff damages, plus pre-judgment and post-judgment interest, and punitive damages, and awarding Plaintiff all such further relief as the Court deems necessary and proper.

## COUNT III

## UNJUST ENRICHMENT BY NAVIENT

67. This is an action against Navient for unjust enrichment.

68. Plaintiff re-alleges and incorporates paragraphs 1 through 56, as if fully set forth herein.

69. As detailed above, Plaintiff has conferred a benefit upon Navient, specifically the principal, interest, and fees Navient earns from servicing Plaintiff's student loans to which it would not otherwise have been entitled.

70. Navient has actual knowledge of such benefit, voluntarily accepted and retained the benefit.

71. Under the circumstances set forth above, it would be unequitable for Navient to retain the benefit of loan servicing fees that Plaintiff would not have had to pay had Navient provided truthful and accurate information to Plaintiff and others similarly-situated.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor as to Count III, awarding Plaintiff damages, plus pre-judgment and post-judgment interest, and punitive damages, and awarding Plaintiff all such further relief as the Court deems necessary and proper.

## COUNT IV

## VIOLATION OF THE FDCPA BY NAVIENT

72. This is an action against Navient for violation of the FDCPA, 15 U.S.C. § 1692 *et seq*.

73. Plaintiff re-alleges and incorporates paragraphs 1 through 56, as if fully set forth herein.

74. Through the conduct described above, Navient violated the following provisions of the FDCPA:

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

75. As a result of Navient's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

76. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Navient has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, injunctive relief, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT V

## VIOLATION OF THE FCCPA BY NAVIENT

77. This is an action against Navient for violation of the FCCPA.

78. Plaintiff re-alleges and incorporates paragraphs 1 through 56, as fully set forth herein.

79. Defendant communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by § 559.55(5), Fla. Stat.

80. Section 559.72, Fla. Stat., provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) [W]illfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

81. Pursuant to § 559.77(2), Fla. Stat., as a result of the above violations of the FCCPA, Navient is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

82. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is entitled to an award of punitive damages in accordance with §§ 559.77 and 768.72, Fla. Stat.

83. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to § 559.77(2), Fla. Stat., and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  October 25, 2017                           Respectfully Submitted,

| | |
|---|---|
| **KYNES, MARKMAN & FELMAN, P.A.**<br>P.O. Box 3396<br>Tampa, Florida  33601<br>Phone:  (813) 229-1118<br>Fax:     (813)  221-6750<br><br>/s/ Katherine E. Yanes<br><br>**KATHERINE EARLE YANES, ESQ.**<br>Florida Bar. No. 658464<br>e-mail: kyanes@kmf-law.com | **CENTRONE & SHRADER, PLLC**<br>612 W. Bay Street<br>Tampa, Florida 33606<br>Phone:  (813) 360-1529<br>Fax:     (813) 336-0832<br><br>/s/ Gus M. Centrone<br><br>**BRIAN L. SHRADER, ESQ.**<br>Florida Bar No. 57251<br>e-mail: bshrader@centroneshrader.com<br>**GUS M. CENTRONE, ESQ.**<br>Florida Bar No. 30151<br>e-mail: gcentrone@centroneshrader.com |