# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EDWING D. DANIEL,**
**WILLIAM COTTRILL,**
**BROOKE PADGETT,**
**MICHAEL FANELLA,**
**JAMES MORGAN,**
**ELAINE LAREINA,**

        **Plaintiffs,**              **CASE NO.: 8:17-cv-02503-SCB-JSS**

**v.**


**NAVIENT SOLUTIONS, LLC,**

        **Defendant.**

_____/

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM
## NAVIENT SOLUTIONS, LLC AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, Edwing D. Daniel *et al*. ("Plaintiffs"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, hereby files this Motion to Compel Discovery, and in support states as follows:

### INTRODUCTION

This is a class action against Defendant Navient Solutions, LLC ("NSL" or "Defendant") based on NSL's conduct in misrepresenting to thousands of individuals that their loans were eligible for forgiveness under the Public Service Loan Forgiveness ("PSLF") program, despite NSL knowing those individuals were not eligible.

Plaintiffs' motion for class certification is due on July 23, 2018.  Doc. 24.  On February 7, 2018, Plaintiffs served NSL with discovery related to class certification issues.  As detailed below, NSL has failed to provide any useful information as to the Class in this case.  Instead,

1

NSL has objected to every request, none of which are well-taken, as explained below in detail. Plaintiffs respectfully asks the Court to compel NSL to engage in the discovery process in a meaningful way, as required by the Federal Rules of Civil Procedure, and order NSL to pay Plaintiffs' attorneys' fees in bringing this motion.

## BACKGROUND

1. The initial Complaint in this matter was filed on October 16, 2017. Doc. 1. Defendant filed its Answer and Affirmative Defenses on December 7, 2017. Doc. 8.

2. On January 30, 2018, an Amended Complaint was filed adding additional named plaintiffs and claims. Doc. 19.

3. On February 7, 2018, Plaintiff propounded Interrogatories (the "Interrogatories"), and Requests for Production ("RFP") (collectively, the "Discovery Requests") on NSL. A copy of the Interrogatories is attached as **Exhibit A**, and a copy of the RFP is attached as **Exhibit B**.

4. On March 23, 2018, NSL submitted to Plaintiff its written responses to the Discovery Requests (collectively, the "Discovery Responses"). A copy of NSL's Responses and Objections to the RFP is attached as **Exhibit C**. A copy of NSL's Answers and Objections to the Interrogatories are attached as **Exhibit D**.

5. NSL's Discovery Responses raised a myriad of baseless objections and provided absolutely no information related to the Class discovery requested.

6. Defendant has not produced any information or documents relevant to Class discovery.

7. Plaintiffs' motion for class certification is due on July 23, 2018. Doc. 24. Despite Plaintiffs timely submitting the Discovery Requests to Defendants, Plaintiffs still have no usable discovery from Defendants to support a motion for class certification.

8.      Plaintiffs' counsel has conferred with counsel for Navient, but to no avail.

9.      This Motion to Compel is focused on resolving objections related to the requests that will enable the Court to determine issues related to class certification.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26 allows the parties to engage in discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Courts construe relevancy "broadly to encompass any matter that bears on, or that could reasonably lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

Local Rule 3.04(a) requires that "A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall include quotation in full of each [discovery request] to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted."   The details required by Local Rule 3.04 are set forth below.

Further, with respect to a number of the Discovery Requests, Defendant makes objections but then answers "subject to" those objections.  Even though the practice has become common here and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands.  *See Creative Touch Interiors, Inc. v. Nicholson*, No. 6:16-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015) ("The Court does not understand why a party would first object to and then answer written discovery. Either there is a valid objection or there isn't."); *Pepperwood of Naples Condo. Ass'n,*

*Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-CV-753-FTM-36, 2011 WL 3841557, at *3 (M.D. Fla. Aug. 29, 2011) (citing *Mann v. Island Resorts Dev., Inc.,* 2009 WL 6409113 at *2–3 (N.D. Fla. Feb. 21, 2009)); *Consumer Elec. Ass'n v. Compras & Buys Magazine, Inc.,* 2008 WL 4327253 * 2 (S.D. Fla. Sept.18, 2008) (holding that formulaic objections followed by an answer preserves nothing and serves only to waste the time and resources of both the parties and the court, because such practice leaves the requesting party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered); *Meese v. Eaton Mfg., Co.,* 35 F.R.D. 162, 166 (N.D. Ohio 1964) (holding that a party who objects and then answers an interrogatory waives that objection); Wright, Miller & Marcus, *Federal Practice and Procedure: Civil* § 2173 (stating "[a] voluntary answer to an interrogatory is also a waiver of the objection.")).   While Plaintiffs will address Defendant's objections below, Plaintiff respectfully requests that objections to interrogatories that were also answered be deemed to be a waiver of the objection.

## I.   <u>REPEATED OBJECTIONS</u>

Defendant raises several objections repeatedly throughout the Discovery Responses. Because the argument as to each such objection is the same, in an effort to save space, the arguments relating to those objections are set forth below in Section I.

### A.   PREMATURE

Defendant premises much of its objections on the fact that it has a pending motion to stay discovery, Doc. 32, which Plaintiffs oppose.  However, a motion to stay, by itself, does not stay discovery. At no time has Defendant sought to obtain a protective order, despite the discovery requests having been sent months ago.  This objection is therefore without merit.

4

### B.   OVERBROAD, BURDENSOME, HARASSING

Defendant repeatedly asserts Plaintiffs' discovery requests are "overbroad, unduly burdensome and harassing." "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (internal citations omitted); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *3 (S.D. Fla. Nov. 18, 2014) ("Defendants' boilerplate objections that a request is 'overly broad, vague, harassing, burdensome, not limited in time and scope, and is not calculated to lead to the discovery of admissible evidence' are overruled."). "The party objecting to the discovery request has the burden to explain, with specificity, why the request is unduly burdensome, vague, or overly broad." *Siddiq*, 2011 WL 6936485, at *3.

Nowhere does Defendant state why any of the Discovery Requests are overbroad, unduly burdensome, or harassing. These boilerplate objections should be overruled.

### C.   TIME PERIOD

Defendant repeatedly asserts that Plaintiffs' requests are "not limited to a time period relevant or even proximate to the events at issue in this action." However, this objection ignores the explicit limitations in the Discovery Requests. Both the RFPs and the Interrogatories are limited to the time period beginning January 1, 2006, which is the year before the PSLF program was enacted in 2007. Because the PSLF program required borrowers to make 10 years of payments to meet eligibility requirements, problems with the program did not begin surfacing until 2017. A time period for discovery in this case that covers the period shortly before the enactment of PSLF up to present will enable Plaintiffs to see how Defendant's policies and

5

practices both originated and evolved over time.  Therefore, Defendant's argument that the time period is not limited is without merit.

### D.    RELEVANCE

Defendant raises relevancy objections to many of Plaintiff's Discovery Requests. Federal Rule of Civil Procedure 26(b) states "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The Official Committee Notes to the 2000 Amendment of the rule explain that "a variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action." *See Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 689 (S.D. Fla. 2011) (citing Rule 26(b) and holding that "One illustration of a subject encompassed by the scope of discovery, even though not directly linked to a claim or defense, is 'information that could be used to impeach a likely witness.'").

"When the discovery requested appears relevant on its face, then the party objecting to the discovery based upon relevance has the burden to show the requested discovery is not relevant." *Lesti v. Wells Fargo Bank NA*, 297 F.R.D. 665, 667 (M.D. Fla. 2014) (citing *Unlimited Res., Inc. v. Deployed Res., LLC,* 2009 WL 212188, at *3 (M.D .Fla. Jan. 29, 2009)). "The scope of discovery is broad, however, the information must be relevant to a claim or defense, but need not be admissible at trial." *Id*.

Defendant's objections do not set forth any basis for why the requested documents or information are irrelevant. Each of the Discovery Requests seeks information relevant on their face, especially in light of the "broad" scope of permissible discovery. *Id*.   A brief description of the relevance of each request is provided below.

### E.    CONFIDENTIALITY

The basis of several of Defendant's objections to Plaintiffs' Discovery Requests is that they are "seeking confidential and proprietary documents."

Federal Rule of Civil Procedure 26(c) provides that a protective order shall issue only upon a showing of "good cause." "The burden is on the movant to show the necessity for its issuance." *Barnello v. Bayview Loan Servicing, LLC*, No.614CV1383ORL41TBS, 2015 WL 5782346, at *5 (M.D. Fla. Sept. 2, 2015).  Here, as in *Barnello*, Defendant has "made no attempt to demonstrate that the information truly is confidential, what steps it takes to preserve the confidentiality of the information, or how disclosure of the information might be harmful." *Id*. Further, Defendant "also has not sought a protective order." *Id*.

### F.    ATTORNEY-CLIENT PRIVILEGE

Defendant objects to many of the Discovery Requests by raising attorney-client privilege or work-product doctrine. Plaintiffs are not seeking any privileged information and disputes such objections.  To the extent, Defendant nevertheless claims privilege, Plaintiffs Discovery Requests and the Federal Rules of Civil Procedure require a privilege log and production of non-privileged portions of such material.  Ex. B, p. 5-6; F.R.C.P. 26(b)(5).  Defendant has not provided any basis from which Plaintiffs or this Court could discern whether any privilege actually applies.

## II.   REQUESTS FOR PRODUCTION

As set forth above in Section I, to the extent Defendant raises each objection in its responses set forth below, Plaintiffs incorporates the above arguments.

## REQUEST TO PRODUCE NO. 1

All documents relating to Plaintiffs' student loans.

## RESPONSE TO REQUEST NO. 1:

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents that are equally available to Plaintiffs; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents protected by the attorney-client and/or attorney work product privilege. Based on the foregoing objections, responsive documents are being withheld. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

## ARGUMENT

Several of Defendant's objections are addressed in the "Repeated Objections" section above.  Further, Defendant's claim that the Plaintiffs' student loan files are not relevant – in a case involving Defendant's conduct with respect to such student loans – is indefensible and is made in bad faith.

Further, Defendant's objection that the request seeks "documents that are equally available to Plaintiffs," is without merit.  There is no doubt that Defendant's files regarding Plaintiffs would include information not available to Plaintiffs, including recordings of phone calls, internal notes regarding Plaintiffs' accounts, identities of the representatives who spoke to Plaintiffs, etc.  Further, "merely because an item may be available from another source is not a proper objection."  *Cent. Transp. Int'l, Inc. v. Glob. Advantage Distribution, Inc.*, No. 2:06-CV-

8

401FTM29SPC, 2007 WL 3124715, at *2 (M.D. Fla. Sept. 11, 2007). Defendant's objection

should be overruled.

Despite making a number of objections, Defendant concludes that it will provide a

"complete production of responsive documents, subject to the foregoing objections . . ." As

discussed above, such "subject to…" language is deemed a waiver of such objections. Plaintiffs

respectfully request that the Court deem such objections waived and order NSL to produce all

relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 2:**

All documents reflecting communications with Plaintiffs, including without limitation, call logs, account notes, audio recordings, transcripts, letters, bills, etc.

**RESPONSE TO REQUEST NO. 2:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; (iii) it seeks confidential, proprietary business documents that belong to NSL; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. Based on the foregoing objections, responsive documents are being withheld. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**ARGUMENT**

Most of Defendant's objections are addressed in the "Repeated Objections" section

above. Further, Defendant's objection that its communications with Plaintiffs are not relevant is

a bad-faith objection. Those communications and Defendant's misrepresentations in such

communications are at the heart of this action. Moreover, to assert that its communications with

Plaintiffs are protected by attorney-client privilege is likewise an objection made in bad faith. It

is black-letter law that communications with a third party (here Plaintiffs) are not protected by

attorney-client privilege.  *See e.g. In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) ("The attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party.") (internal citations omitted).

Plaintiffs respectfully request that the Court deem the objections waived and order NSL to produce all relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 3:**

All documents received by Defendant from or on behalf of the United States Department of Education regarding the PSLF program.

**RESPONSE TO REQUEST NO. 3:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. Based on the foregoing objections, responsive documents are being withheld. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**ARGUMENT**

All of Defendant's objections are addressed in the "Repeated Objections" section above. Further, documents received by NSL from the Department of Education regarding the PSLF program are highly relevant.  For instance, such documents may show what guidance was received by NSL and, thus, whether NSL ignored such guidance by making misrepresentations to Plaintiffs and the Class.  Plaintiffs respectfully request that the Court deem the objections waived and order NSL to produce all relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 4:**

All documents received by Defendant from or on behalf of the United States Department of Education regarding the Direct Loan program.

**RESPONSE TO REQUEST NO. 4:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. Based on the foregoing objections, responsive documents are being withheld. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.


**ARGUMENT**

All of Defendant's objections are addressed in the "Repeated Objections" section above.

Further, documents received by NSL from the Department of Education regarding the Direct

Loan program are highly relevant.  Such documents may show, for instance, what procedures

NSL was supposed to follow for consolidating loans in the Direct Loan program for individuals

who had expressed an interest in the PSLF program.  The PSLF program requires borrowers to

be in the Direct Loan program.   Plaintiffs respectfully request that the Court deem the objections

waived and order NSL to produce all relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 5:**

All documents received by Defendant from or on behalf of the United States Department of Education regarding income-based repayment plans for student loans.

**RESPONSE TO REQUEST NO. 5:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**ARGUMENT**

All of Defendant's objections are addressed in the "Repeated Objections" section above.

Further, documents received by NSL from the Department of Education regarding the Direct

Loan program are highly relevant.   Only certain repayment plans, including income-based

repayment plans, are eligible for PSLF forgiveness.   As with the Direct Loan program, the

documents sought in this request would show the procedures NSL was supposed to follow for

individuals who expressed an interest in the PSLF program with respect to their repayment plan.

Doc. 19, ¶ 45.   Plaintiffs respectfully request that the Court deem the objections waived and

order NSL to produce all relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 6:**

All agreements between Defendant and the United States Department of Education related to the servicing of student loans.

**RESPONSE TO REQUEST NO. 6:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**ARGUMENT**

All of Defendant's objections are addressed in the "Repeated Objections" section above.

Further, NSL's agreements with the Department of Education are highly relevant.  Its servicing

agreements will likely set forth NSL's responsibilities and obligations with respect to the

servicing of loans, including the loans at issue in this case.  Plaintiffs respectfully request the

Court deem the objections waived and order NSL to produce all relevant documents

immediately.

**REQUEST FOR PRODUCTION NO. 7:**

All agreements between Defendant and any other entity regarding or with any
relationship to Defendant's servicing of Plaintiffs' student loans.

**RESPONSE TO REQUEST NO. 7:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome
in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the
grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential,
proprietary business documents that belong to NSL; (iii) it seeks documents that are neither
relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is
not limited to a time period relevant or even proximate to the events at issue in this action. In the
event discovery is not stayed, NSL will complete production of responsive documents, subject to
the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**ARGUMENT**

All of Defendant's objections are addressed in the "Repeated Objections" section above.

Further, NSL's agreements with third parties related to the servicing of loans Plaintiffs will also

set forth the responsibilities and expectations involved in the servicing of such loans.   For

instance, if NSL contracts with a third-party entity for its customer service representatives, such

an agreement will likely set forth how those representatives are paid, what they are expected to

do, how their performance is measured, etc.  Plaintiffs respectfully request the Court deem the

objections waived and order NSL to produce all relevant documents immediately.

## REQUEST FOR PRODUCTION NO. 8:

All versions of all form documents provided to borrowers interested in, applying for, or related to PSLF, including correspondence, brochures, templates, guidance, forms, etc.

## RESPONSE TO REQUEST NO. 8:

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

## ARGUMENT

All of Defendant's objections are addressed in the "Repeated Objections" section above.

Further, documents provided to borrowers regarding PSLF are highly relevant as such

documentation will show, among other things, whether borrowers were provided with sufficient

information to comply with the PSLF requirements and whether NSL's affirmative

misrepresentations were contradicted or affirmed in writing.

Further, the objection that such documentations are "confidential" or "proprietary" is

non-sensical and made in bad faith.  By the very nature of this request, these documents have

already been shared with others.  Thus, there is simply no good-faith argument that such

documents are confidential.  Plaintiffs respectfully request the Court deem the objections waived

and order NSL to produce all relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 9:**

All Defendant's policies and procedures related to consolidation of student loans under the Direct Loan program.

**RESPONSE TO REQUEST NO. 9:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it seeks confidential, proprietary business documents that belong to NSL; and (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**ARGUMENT**

All of Defendant's objections are addressed in the "Repeated Objections" section above. Further, Defendant's policies and procedures related to consolidation of student loans are relevant to this action.  Under the PSLF program only certain types of loans are eligible, but ineligible loans can be consolidated into a type of eligible loans.  The consolidation process is not complex and can be done over the phone, but none of the Plaintiffs here (who repeatedly had informed NSL about their desire to participate in the PSLF program) were offered an opportunity to consolidate.  Thus, NSL's policies and procedures with respect to such consolidation are relevant to why Plaintiffs were never given such an opportunity.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to produce all relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 10:**

All Defendant's policies and procedures regarding the handling of customer service phone calls related to Direct Loans or the PSLF Program.

**RESPONSE TO REQUEST NO. 10:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**ARGUMENT**

All of Defendant's objections are addressed in the "Repeated Objections" section above.

Further, Defendant's policies and procedures related to customer service handling of phone calls

about PSLF and Direct Loans are highly relevant because the very nature of the claims at issue

here are that, during such phone calls, the Plaintiffs were misled and misinformed by NSL about

their status in the PSLF program.  Plaintiffs respectfully request the Court deem the objections

waived and order NSL to produce all relevant documents immediately.


**REQUEST FOR PRODUCTION NO. 11:**

All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the PSLF Program.

**RESPONSE TO REQUEST NO. 11:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. In the event discovery is not stayed, NSL will complete

production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

## ARGUMENT

All of Defendant's objections are addressed in the "Repeated Objections" section above. Further, as with the previous request, these materials are highly relevant because NSL's customer service representatives misled Plaintiffs about their PSLF status on NSL's behalf. The scripts and training for NSL's customer service representatives may very well show such misrepresentations to be part of a script NSL requires its employees to follow.

With respect to NSL's claim of attorney-client privilege / work product, Plaintiff is not seeking any privileged materials. This request is explicitly regarding routine training for customer service representatives, not communications with an attorney nor materials prepared in anticipation of litigation.

Plaintiffs respectfully request the Court deem the objections waived and order NSL to produce all relevant documents immediately.

## REQUEST FOR PRODUCTION NO. 12:

All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the Direct Loans.

## RESPONSE TO REQUEST NO. 12:

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. In the event discovery is not stayed, NSL will complete

production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

## ARGUMENT

See response to NSL's objections to Request for Production 11.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to produce all relevant documents immediately.

## REQUEST FOR PRODUCTION NO. 13:

All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the consolidation of student loans.

## RESPONSE TO REQUEST NO. 13:

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

## ARGUMENT

See response to NSL's objections to Request for Production 11.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to produce all relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the income-based repayment plans for student loans.

**RESPONSE TO REQUEST NO. 14:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**ARGUMENT**

See response to NSL's objections to Request for Production 11.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to produce all relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 15:**

Any insurance policies covering Defendant for liability regarding its servicing of loans.

**RESPONSE TO REQUEST NO. 15:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that it seeks confidential, proprietary business documents that belong to NSL. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

## ARGUMENT

Insurance policies are routinely provided in litigation.  Indeed, they are required to be provided by Federal Rule of Civil Procedure 26(a)(iv).  However, Defendant has not provided any insurance information.  Plaintiffs respectfully request that Defendant be required to produce a copy of any applicable insurance policies.

## REQUEST FOR PRODUCTION NO. 16:

All exhibits which Defendant proposes to, or has reason to believe it may, introduce at trial.

## RESPONSE TO REQUEST NO. 16:

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it seeks confidential, proprietary business documents that belong to NSL; (ii) it seeks documents or information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (iii) it is premature in that discovery has not been completed. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

## ARGUMENT

Defendant's first two objections are nonsensical and made in bad faith.  Exhibits that NSL will introduce at trial, by their very nature, would not be confidential nor would they be privileged.  Further, with respect to NSL's argument that this request is premature because discovery has not been completed, litigants cannot wait until discovery is completed to send discovery requests – that does not make any sense.  If NSL has documents it has reason to believe it would introduce at trial, it must turn them over.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to produce all relevant documents immediately.

**REQUEST FOR PRODUCTION NO. 17:**

All documents related to any litigation made by or on behalf of borrowers against Defendant relating to or involving the PSLF program.

**RESPONSE TO REQUEST NO. 17:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad as to scope, unduly burdensome and harassing; (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iii) it seeks confidential, proprietary business documents that belong to NSL; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**ARGUMENT**

Most of the objections are addressed above.  The information requested in this Request to Produce is crucial to determine, among other things, the scope of Defendant's liability and the size of the Class.  Documents relating to Defendant having been sued by individuals for Defendant's conduct related to the PSLF program are relevant to establishing Defendant's knowledge about this issue.  Further, such information is also relevant to determining how many other individuals in the Class have already taken formal action against Defendant for its activities.

Moreover, Defendant's claim of attorney-client privilege is likewise misplaced. Documents filed in litigation are generally a matter of public record and no privilege would apply.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to produce all relevant documents immediately.

21

## REQUEST FOR PRODUCTION NO. 18:

All documents related to any complaints or grievances made by or on behalf of borrowers against Defendant relating to or involving the PSLF program.

## RESPONSE TO REQUEST NO. 18:

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad as to scope, unduly burdensome and harassing; (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iii) it seeks confidential, proprietary business documents that belong to NSL; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

## ARGUMENT

As with the previous request, the information requested in this Request to Produce is crucial to determine the scope of Defendant's liability and the size of the Class. Documents relating to individuals complaining about Defendant's conduct related to the PSLF program are relevant to establishing Defendant's knowledge about this issue. If many of NSL's customers have complained about being misled about their participation in the PSLF program, and NSL took no action, it would demonstrate that NSL knew it had an issue and did nothing to correct the issue. Further, such information is also relevant to determining how many other individuals may also be in the Class. Plaintiffs respectfully request the Court deem the objections waived and order NSL to produce all relevant documents immediately.

# INTERROGATORIES

## INTERROGATORY NO. 1:

Please state the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory. If multiple individuals provide information used to answer these Interrogatories, please identify the Interrogatories for which each individual contributed information.

## RESPONSE TO INTERROGATORY NO 1:

NSL objects to this Interrogatory on the grounds that it is premature in light of NSL's Motion to Stay Discovery.

## ARGUMENT

As discussed above, this request is not premature because discovery has not been stayed.

Simply filing a motion to stay discovery does not stay discovery.

## INTERROGATORY NO. 2:

Please identify every employee who has ever spoken to or communicated with Plaintiffs, including their name, employee identification number, the dates of their employment, and, if they are no longer employed by Defendant, the reason for their departure.

## RESPONSE TO INTERROGATORY NO 2:

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (ii) it seeks information in which non-parties have a legitimate expectation and/or right of privacy.

## ARGUMENT

NSL's objection that this information is not relevant is made in bad faith.  This case involves misrepresentations from NSL to Plaintiffs regarding the PSLF program.  To take the position that the identities of those people are not relevant is indefensible.  Those individuals will be witnesses in this matter and will be deposed.  Plaintiffs have every right to depose them.  Their privacy can be easily protected by an order limiting the use of such information to this

litigation.  *See e.g. Strauss v. Rent-A-Ctr., Inc.*, 2007 WL 2010780, at *3 (M.D. Fla. July 6, 2007) ("Concerns about protecting employees' privacy are appropriately protected by an order that prohibits [the plaintiff] from using or disseminating the responsive information for any purpose other than the present litigation.").  Plaintiffs' respectfully request that the Court deem the objections waived and order NSL to answer the interrogatory immediately.

## INTERROGATORY NO. 3:

Please identify all individuals within Defendant's organization (including outside vendors) responsible for establishing Defendant's policies and procedures regarding the PSLF program.

## RESPONSE TO INTERROGATORY NO 3:

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (ii) it seeks information in which non-parties have a legitimate expectation and/or right of privacy.

## ARGUMENT

The identities of individuals who established NSL's PSLF policies are relevant because Plaintiffs intend to depose them regarding the creation of such policies, including how they came to be and any purported justification for such policies.  As discussed above, any privacy concerns are easily allayed.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to answer the interrogatory immediately.

## INTERROGATORY NO. 4:

Please identify all individuals within Defendant's organization (including outside vendors) responsible for establishing Defendant's policies and procedures regarding training of employees, including without limitation customer service representatives, regarding the PSLF program.

**RESPONSE TO INTERROGATORY NO 4:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (ii) it seeks information in which non-parties have a legitimate expectation and/or right of privacy.

**ARGUMENT**

See response to NSL's objections to Interrogatory 3.

**INTERROGATORY NO. 5:**

What questions of law or fact does Defendant contend are not common to the Proposed Class?

**RESPONSE TO INTERROGATORY NO 5:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (ii) it seeks a legal conclusion, not facts.

**ARGUMENT**

This request is asking Defendant to identify issues that might not be common to the proposed Class members and is aimed at satisfying the "commonality" element of a class action under Federal Rule of Civil Procedure 23. If Defendant is assertingthat this element is an issue of "pure law" then Plaintiffs respectfully requests that Defendant be estopped from arguing any factual differences between potential Class members in response to Plaintiffs' forthcoming motion for class certification. Alternatively, Defendant should be compelled to answer the question.  Further, this request does not seek any attorney-client privilege or work-product information.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to answer the interrogatory immediately.

**INTERROGATORY NO. 6:**

In what respect does Defendant contend Plaintiffs' claims are not typical of those of the Proposed Class?

**RESPONSE TO INTERROGATORY NO 6:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks a legal conclusion, not facts; (ii) and it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**ARGUMENT**

This request is asking Defendant to identify issues that might not be typical to the proposed Class members and is aimed at satisfying the "typicality" element of a class action under Federal Rule of Civil Procedure 23. If Defendant is asserting that this element is an issue of "pure law" then Plaintiffs respectfully request that Defendant be estopped from arguing any factual basis to find that Plaintiffs are not typical of other potential Class members in response to Plaintiffs' forthcoming motion for class certification. Alternatively, Defendant should be compelled to answer the question.  Further, this request does not seek any attorney-client privilege or work-product information.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to answer the interrogatory immediately.

**INTERROGATORY NO. 7:**

In what respect does Defendant contend that Plaintiffs are not an adequate class representatives?

**RESPONSE TO INTERROGATORY NO 7:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks a legal conclusion, not facts; (ii) and it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**ARGUMENT**

This request is asking Defendant to identify issues that might not be typical to the proposed Class members and is aimed at satisfying the "adequacy" element of a class action under Federal Rule of Civil Procedure 23. If Defendant is asserting that this element is an issue of "pure law" then Plaintiff respectfully requests that Defendant be estopped from arguing any factual basis to find that Plaintiff is not an adequate class representative in response to Plaintiffs' forthcoming motion for class certification. Alternatively, Defendant should be compelled to answer the question.  Further, this request does not seek any attorney-client privilege or work-product information.  Plaintiffs respectfully request the Court deem the objections waived and order NSL to answer the interrogatory immediately.

**INTERROGATORY NO. 8:**

On what basis does Defendant contend Plaintiffs' counsel cannot, will not, or do not adequately represent the Proposed Class?

**RESPONSE TO INTERROGATORY NO 8:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks a legal conclusion, not facts; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**ARGUMENT**

This request is asking Defendant to identify issues that might not be typical to the proposed Class members and is aimed at satisfying the element of "adequacy of counsel" under Federal Rule of Civil Procedure 23(g)(2). If Defendant is asserting that this element is an issue of "pure law" then Plaintiffs respectfully requests that Defendant be estopped from arguing any

factual basis to find that Plaintiffs' counsel is not adequate class counsel in response to Plaintiff's forthcoming motion for class certification. Alternatively, Defendant should be compelled to answer the question. Further, this request does not seek any attorney-client privilege or work-product information. Plaintiffs respectfully request the Court deem the objections waived and order NSL to answer the interrogatory immediately.

**INTERROGATORY NO. 9:**

Please identify any litigation filed by or on behalf of student loan borrowers against Defendant relating to or involving eligibility under the PSLF program.

**RESPONSE TO INTERROGATORY NO 9:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objections to this Interrogatory on the grounds that: (i) it is overbroad as to scope, unduly burdensome and harassing; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (iii) it seeks confidential, proprietary business information that belongs to NSL; and (iv) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**ARGUMENT**

See response to objections to Request for Production 17.

**INTERROGATORY NO. 10:**

Please identify any complaints or grievances made by or on behalf of student loan borrowers against Defendant, or known by Defendant, relating to or involving eligibility under the PSLF program. 7

**RESPONSE TO INTERROGATORY NO 10:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objections to this Interrogatory on the grounds that: (i) it is overbroad as to scope, unduly burdensome and harassing; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (iii) it seeks confidential, proprietary business information that belongs to NSL; and (iv) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**ARGUMENT**

See response to objections to Request for Production 18.

**CONCLUSION**

Defendant has not produced one shred of Class discovery.  Defendant's meaningless responses are a delay tactic intended to increase the cost and burden on Plaintiffs and Plaintiffs' counsel while attempting to undermine Plaintiffs' ability to support the forthcoming motion for class certification.  This Court should require Defendant to turn over the requested information as set forth above.  Further, the Court should order Defendant to pay Plaintiffs' attorneys fees in bringing this motion based on the bad faith objections discussed above.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request the Court grant this Motion to Compel, order Defendant to produce the requested information and documents, award reasonable attorneys' fees and costs, and grant such further relief as the Court deems necessary and proper.

Dated:  April 19, 2018                                    Respectfully Submitted,

**KYNES, MARKMAN & FELMAN, P.A.**          **DUNLAP, BENNETT & LUDWIG**
P.O. Box 3396                                            612 W. Bay Street
Tampa, Florida  33601                                    Tampa, Florida 33606
Phone:  (813) 229-1118                                   Phone:  (813) 360-1529
Fax:    (813) 221-6750                                   Fax:     (813) 336-0832


/s/ Katherine Earle Yanes                                /s/ Gus M. Centrone
_____                          _____
**KATHERINE EARLE YANES, ESQ.**                          **BRIAN L. SHRADER, ESQ.**
Florida Bar. No. 658464                                  Florida Bar No. 57251
e-mail: kyanes@kmf-law.com                               e-mail: bshrader@dbllawyers.com
                                                         **GUS M. CENTRONE, ESQ.**
                                                         Florida Bar No. 30151
                                                         e-mail: gcentrone@dbllawyers.com
                                                         **Attorneys for Plaintiff**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned hereby certifies that, pursuant to Middle District of Florida, Local Rule 3.01(g), counsel has conferred regarding the issues raised in this Motion.  Defendant opposes the relief requested.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2018, I presented a true and correct copy of the foregoing to the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, for filing and uploading to the CM/ECF system.

　　　　　　　　　　　　　　　 /s/ Gus M. Centrone
　　　　　　　　　　　　　　　Attorney