UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EDWING D. DANIEL,<br>WILLIAM COTTRILL,<br>BROOKE PADGETT,<br>MICHAEL FANELLA,<br>JAMES MORGAN,<br>ELAINE LAREINA,<br><br>      Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>      Defendant. | Case No. 8:17-cv-02503-SCB-JSS |

**DEFENDANT NAVIENT SOLUTIONS, LLC'S OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, defendant Navient Solutions, LLC ("NSL") hereby objects to Plaintiffs' First Set of Interrogatories (the "Interrogatories") propounded by plaintiffs Edwing D. Daniel, William Cottrill, Brooke Padgett, Michael Fanella, James Morgan and Elaine Lareina (collectively, "Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

NSL objects to the Interrogatories in their entirety on the grounds that they are premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. As such, NSL responds to these Interrogatories for the sole purpose of preserving its objections in the event discovery is not stayed. NSL responds to the Interrogatories based upon the investigation conducted in the time available since service of the Interrogatories. As of the date of these Responses, NSL has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including,

1

EXHIBIT C

without limitation, through discovery of Plaintiffs and/or third parties. Moreover, as explained in NSL's Motion to Stay Discovery, NSL submits that conducting such discovery is premature and unduly burdensome in light of NSL's pending Motion to Strike and Motion to Dismiss. As a consequence, NSL's Responses are based upon information now known to NSL and that NSL believes to be applicable to the subject matter covered by the Interrogatories. In the future, NSL may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Interrogatories and NSL's Responses thereto. Without in any way obligating itself to do so, NSL reserves the right: (A) to make subsequent revisions, supplementation or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein. NSL incorporates this Preliminary Statement into each Response herein as if fully set forth.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory. If multiple individuals provide information used to answer these Interrogatories, please identify the Interrogatories for which each individual contributed information.

**RESPONSE TO INTERROGATORY NO 1:**

NSL objects to this Interrogatory on the grounds that it is premature in light of NSL's Motion to Stay Discovery.

**INTERROGATORY NO. 2:**

Please identify every employee who has ever spoken to or communicated with Plaintiffs, including their name, employee identification number, the dates of their employment, and, if they are no longer employed by Defendant, the reason for their departure.

**RESPONSE TO INTERROGATORY NO 2:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (ii) it seeks information in which non-parties have a legitimate expectation and/or right of privacy.

**INTERROGATORY NO. 3:**

Please identify all individuals within Defendant's organization (including outside vendors) responsible for establishing Defendant's policies and procedures regarding the PSLF program.

**RESPONSE TO INTERROGATORY NO 3:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (ii) it seeks information in which non-parties have a legitimate expectation and/or right of privacy.

**INTERROGATORY NO. 4:**

Please identify all individuals within Defendant's organization (including outside vendors) responsible for establishing Defendant's policies and procedures regarding training of employees, including without limitation customer service representatives, regarding the PSLF program.

**RESPONSE TO INTERROGATORY NO 4:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (ii) it seeks information in which non-parties have a legitimate expectation and/or right of privacy.

**INTERROGATORY NO. 5:**

What questions of law or fact does Defendant contend are not common to the Proposed Class?

**RESPONSE TO INTERROGATORY NO 5:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (ii) it seeks a legal conclusion, not facts.

**INTERROGATORY NO. 6:**

In what respect does Defendant contend Plaintiffs' claims are not typical of those of the Proposed Class?

**RESPONSE TO INTERROGATORY NO 6:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks a legal conclusion, not facts; (ii) and it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**INTERROGATORY NO. 7:**

In what respect does Defendant contend that Plaintiffs are not an adequate class representatives?

**RESPONSE TO INTERROGATORY NO 7:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks a legal conclusion, not facts; (ii) and it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**INTERROGATORY NO. 8:**

On what basis does Defendant contend Plaintiffs' counsel cannot, will not, or do not adequately represent the Proposed Class?

**RESPONSE TO INTERROGATORY NO 8:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objects to this Interrogatory on the grounds that: (i) it seeks a legal conclusion, not facts; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**INTERROGATORY NO. 9:**

Please identify any litigation filed by or on behalf of student loan borrowers against Defendant relating to or involving eligibility under the PSLF program.

**RESPONSE TO INTERROGATORY NO 9:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objections to this Interrogatory on the grounds that: (i) it is overbroad as to scope, unduly burdensome and harassing; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (iii) it seeks confidential, proprietary business information that belongs to NSL; and (iv) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**INTERROGATORY NO. 10:**

Please identify any complaints or grievances made by or on behalf of student loan borrowers against Defendant, or known by Defendant, relating to or involving eligibility under the PSLF program.

**RESPONSE TO INTERROGATORY NO 10:**

NSL objects to this Interrogatory on the grounds that it is premature and unduly burdensome in light of NSL's Motion to Stay Discovery. NSL further objections to this Interrogatory on the grounds that: (i) it is overbroad as to scope, unduly burdensome and harassing; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; (iii) it seeks confidential, proprietary business information that belongs to NSL; and (iv) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

Dated: March 23, 2018                                  Respectfully submitted,

*/s/ Ashley N. Rector*
Ashley N. Rector, Esq.
Florida Bar No. 0106605
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-5327
Facsimile: (866) 466-3140
arector@sessions.legal
dvanhoose@sessions.legal

*Attorney for Defendant,*
*Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 23, 2018, a copy of the foregoing **DEFENDANT NAVIENT SOLUTIONS, LLC'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** was served by electronic mail on the party listed below:

| | |
|---|---|
| Katherine E. Yanes, Esq. | Gus M. Centrone, Esq. |
| Kynes, Markman & Felman, P.A. | Centrone & Shrader, PLLC |
| P.O. Box 3396 | 612 W. Bay Street |
| Tampa, Florida 33601 | Tampa, Florida 33606 |
| kyanes@kmf-law.com | gcentrone@centroneshrader.com |

*/s/ Ashley N. Rector*
Attorney