UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EDWING D. DANIEL,<br>WILLIAM COTTRILL,<br>BROOKE PADGETT,<br>MICHAEL FANELLA,<br>JAMES MORGAN,<br>ELAINE LAREINA,<br><br>    Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>    Defendant. | <br><br><br><br><br><br><br><br><br>Case No. 8:17-cv-02503-SCB-JSS |

**DEFENDANT NAVIENT SOLUTIONS, LLC'S OBJECTIONS TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

  Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Navient Solutions, LLC ("NSL") hereby objects to Plaintiffs' First Request for Production of Documents (the "Requests") propounded by plaintiffs Edwing D. Daniel, William Cottrill, Brooke Padgett, Michael Fanella, James Morgan and Elaine Lareina (collectively, "Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

  NSL objects to the Requests in their entirety on the grounds that they are premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery.  As such, NSL responds to these Requests for the sole purpose of preserving its objections in the event discovery is not stayed.

  Further, as of the date of these Responses, NSL has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiffs and/or third

parties. Moreover, as explained in NSL's Motion to Stay Discovery, NSL submits that conducting such discovery is premature and unduly burdensome in light of NSL's pending Motion to Strike and Motion to Dismiss. As a consequence, NSL's Responses are based upon information now known to NSL and that NSL believes to be applicable to the subject matter covered by the Requests. In the future, NSL may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Requests and NSL's Responses thereto. Without in any way obligating itself to do so, NSL reserves the right: (A) to make subsequent revisions, supplementation or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein. NSL incorporates this Preliminary Statement into each Response herein as if fully set forth.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to Plaintiffs' student loans.

**RESPONSE TO REQUEST NO. 1:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents that are equally available to Plaintiffs; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents protected by the

attorney-client and/or attorney work product privilege. Based on the foregoing objections, responsive documents are being withheld. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 2:**

All documents reflecting communications with Plaintiffs, including without limitation, call logs, account notes, audio recordings, transcripts, letters, bills, etc.

**RESPONSE TO REQUEST NO. 2:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; (iii) it seeks confidential, proprietary business documents that belong to NSL; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. Based on the foregoing objections, responsive documents are being withheld. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 3:**

All documents received by Defendant from or on behalf of the United States Department of Education regarding the PSLF program.

**RESPONSE TO REQUEST NO. 3:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. Based on the foregoing objections, responsive documents are being withheld. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 4:**

All documents received by Defendant from or on behalf of the United States Department of Education regarding the Direct Loan program.

**RESPONSE TO REQUEST NO. 4:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. Based on the foregoing objections, responsive documents are being withheld. In the event

discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 5:**

All documents received by Defendant from or on behalf of the United States Department of Education regarding income-based repayment plans for student loans.

**RESPONSE TO REQUEST NO. 5:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 6:**

All agreements between Defendant and the United States Department of Education related to the servicing of student loans.

**RESPONSE TO REQUEST NO. 6:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential,

proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 7:**

All agreements between Defendant and any other entity regarding or with any relationship to Defendant's servicing of Plaintiffs' student loans.

**RESPONSE TO REQUEST NO. 7:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 8:**

All versions of all form documents provided to borrowers interested in, applying for, or related to PSLF, including correspondence, brochures, templates, guidance, forms, etc.

**RESPONSE TO REQUEST NO. 8:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 9:**

All Defendant's policies and procedures related to consolidation of student loans under the Direct Loan program.

**RESPONSE TO REQUEST NO. 9:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it seeks confidential, proprietary business documents that belong to NSL; and (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 10:**

All Defendant's policies and procedures regarding the handling of customer service phone calls related to Direct Loans or the PSLF Program.

**RESPONSE TO REQUEST NO. 10:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the PSLF Program.

**RESPONSE TO REQUEST NO. 11:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither

relevant to any party's claim or defense nor proportional to the needs of this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.  In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 12:**

All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the Direct Loans.

**RESPONSE TO REQUEST NO. 12:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery.  NSL further objects to this Request on the grounds that:  (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.  In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the consolidation of student loans.

**RESPONSE TO REQUEST NO. 13:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the income-based repayment plans for student loans.

**RESPONSE TO REQUEST NO. 14:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the

grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to NSL; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 15:**

Any insurance policies covering Defendant for liability regarding its servicing of loans.

**RESPONSE TO REQUEST NO. 15:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that it seeks confidential, proprietary business documents that belong to NSL. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 16:**

All exhibits which Defendant proposes to, or has reason to believe it may, introduce at trial.

**RESPONSE TO REQUEST NO. 16:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it seeks confidential, proprietary business documents that belong to NSL; (ii) it seeks documents or information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (iii) it is premature in that discovery has not been completed. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 17:**

All documents related to any litigation made by or on behalf of borrowers against Defendant relating to or involving the PSLF program.

**RESPONSE TO REQUEST NO. 17:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad as to scope, unduly burdensome and harassing; (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iii) it seeks confidential, proprietary business documents that belong to NSL; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will

complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 18:**

All documents related to any complaints or grievances made by or on behalf of borrowers against Defendant relating to or involving the PSLF program.

**RESPONSE TO REQUEST NO. 18:**

NSL objects to this Request on the grounds that it is premature and unduly burdensome in light of NSL's pending Motion to Stay Discovery. NSL further objects to this Request on the grounds that: (i) it is overbroad as to scope, unduly burdensome and harassing; (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; (iii) it seeks confidential, proprietary business documents that belong to NSL; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it is not limited to a time period relevant or even proximate to the events at issue in this action. In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties.

Dated: March 23, 2018                    Respectfully submitted,

*/s/ Ashley N. Rector*
Ashley N. Rector, Esq.
Florida Bar No. 0106605
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-5327

             Facsimile: (866) 466-3140
             arector@sessions.legal
             dvanhoose@sessions.legal

             *Attorney for Defendant,*
             *Navient Solutions, LLC*

### **CERTIFICATE OF SERVICE**

 I hereby certify that, on March 23, 2018, a copy of the foregoing **DEFENDANT NAVIENT SOLUTIONS, LLC'S OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION** was served by electronic mail on the party listed below:

| | |
|---|---|
| Katherine E. Yanes, Esq.<br>Kynes, Markman & Felman, P.A.<br>P.O. Box 3396<br>Tampa, Florida 33601<br>kyanes@kmf-law.com | Gus M. Centrone, Esq.<br>Centrone & Shrader, PLLC<br>612 W. Bay Street<br>Tampa, Florida 33606<br>gcentrone@centroneshrader.com |

             */s/ Ashley N. Rector*
             Attorney