UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWING D. DANIEL,
WILLIAM COTTRILL,
BROOKE PADGETT,
MICHAEL FANELLA,
JAMES MORGAN,
ELAINE LAREINA,

     Plaintiffs,      Case No.: 8:17-cv-02503-SCB-JSS

v.

NAVIENT SOLUTIONS, LLC,

     Defendant.

**DEFENDANT NAVIENT SOLUTIONS, LLC'S OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

## I. Introduction

In the First Amended Complaint (the "Amended Complaint), plaintiffs Edwing D.

Daniel ("Daniel"), William Cottrill ("Cottrill"), Brooke Padgett ("Padgett"), Michael

Fanella ("Fanella"), and Elaine Lareina ("Lareina") (collectively, "Plaintiffs") assert

complex, supposed class-action claims against Navient Solutions, LLC ("NSL").[1]  NSL is

a servicer of federally owned or guaranteed student loans.  In their Amended Complaint,

Plaintiffs allege that NSL's agents improperly failed to disclose that Plaintiffs were

eligible for loan forgiveness under the Public Service Loan Forgiveness program

("PSLF"), which is offered by the United States Department of Education ("ED").  More

---

[1] On April 30, 2018, plaintiff James Morgan was voluntarily dismissed from the action.  (Doc. 43).

specifically, Plaintiffs allege that NSL's customer service representatives, during conversations with Plaintiffs and other borrowers, made various misrepresentations (and omissions) to them regarding the availability of the PSLF program. According to Plaintiffs, beginning in 2007, "many thousands" of federal student loan borrowers chose to serve their communities because their loans would eventually be forgiven under the PSLF program. Based on their allegations, Plaintiffs assert claims against NSL for: (1) breach of fiduciary duty; (2) negligence; (3) unjust enrichment; and (4) breach of implied-in-law contract. In addition, Plaintiffs allege state-specific consumer law claims.[2]

Importantly, Plaintiffs purport to bring these claims for themselves and for a supposed nationwide class of borrowers, along with state subclasses. According to Plaintiffs, the nationwide class is composed of "approximately 600,000 members," and each state subclass contains "thousands" of persons. (Amended Complaint, ¶ 25). Meanwhile, Plaintiffs contend that the class period extends back to "January 1, 2006, which is the year before the PSLF program was enacted in 2007." (Motion to Compel (the "Motion"), p. 5). Thus, in the Motion, Plaintiffs seek to pursue very broad and burdensome class-wide discovery on numerous issues, and for a time period over 12 years.

---

[2] Daniel, Cottrill and Padgett, on behalf of themselves and others similarly situated, bring a claim against NSL for violation of the Florida Consumer Collection Practices Act. Fanella, on behalf of himself and others similarly situated, asserts a violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act. And Lareina, on behalf of herself and others similarly situated, asserts a violation of the Colorado Consumer Protection Act.

As explained below, in the first instance, this Motion is unnecessary and harassing because NSL already has placed the propriety of Plaintiffs' class action discovery before the Court.   On March 8, 2018, NSL filed a Motion to Strike Class Allegations (the "Motion to Strike") and to Dismiss (the "Motion to Dismiss").   Very simply, given Plaintiffs' class allegations, which turn on thousands of individual conversations between NSL's representatives and borrowers, NSL contends that the requirements of Federal Rule of Civil Procedure 23 cannot be met.   Because the Motion to Strike could reduce this litigation to only Plaintiffs' individual claims (and the Motion to Dismiss could entirely dispose of the action), NSL filed a Motion to Stay Discovery on March 22, 2018 (the "Motion to Stay").   (Doc. 32).   The Motion to Stay will be fully briefed as of May 14, 2018.   Obviously, the Court will determine in ruling on the Motion to Stay whether the class wide discovery should proceed pending a ruling on the Motion to Strike, and Plaintiffs have imposed upon NSL the unjustified burden of opposing the Motion. Moreover, even if the Motion was appropriate, which it is not, Plaintiffs' discovery requests are subject to objection for numerous reasons.   Accordingly, the Court should deny the Motion in its entirety, and further should deny Plaintiffs' request for sanctions.

## II.   **Background**

### A.   **Plaintiffs' Discovery Requests**

On February 7, 2018, Plaintiffs served NSL with discovery related to the alleged class claims.   The Requests for Production are broad and burdensome, seeking, for example:   "[a]ll documents received by [NSL] from or on behalf of [ED] regarding the Direct Loan program" (Request for Production No. 4); "[a]ll versions of all form

documents provided to borrowers interested in, applying for, or related to PSLF, including correspondence, brochures, templates, guidance, forms, etc." (Request for Production No. 8); "[a]ll documents related to any litigation made by or on behalf of borrowers against [NSL] relating to or involving the PSLF program" (Request for Production No. 17); and "[a]ll documents related to any complaints or grievances made by or on behalf of borrowers against [NSL] relating to or involving the PSLF program (Request for Production No. 18). (Motion, Exh. A). Moreover, Plaintiffs' Interrogatories seek: (i) identification of "all individuals within [NSL's] organization (including outside vendors) responsible for establishing [NSL's] policies and procedures regarding the PSLF program" (Interrogatory No. 3); and (ii) identification of "any complaints or grievances made by or on behalf of student loan borrowers against [NSL], or known by [NSL], relating to or involving eligibility under the PSLF Program." (Interrogatory No. 10). (Motion, Exh. B).

On March 23, 2018, NSL served its objections to Plaintiffs Requests for Production and Interrogatories. The parties subsequently met and conferred and, as a good faith compromise, NSL committed to provide Plaintiffs' loan information, which is voluminous in itself.

### B. NSL's Pending Motion to Strike and Motion to Dismiss

On March 8, 2018, NSL filed its Motion to Strike and Motion to Dismiss, asserting that Plaintiffs' class allegations fail for multiple reasons and, further, that Plaintiffs have no viable claim for relief under any legal theory. Specifically, as more fully articulated in NSL's Motion to Strike, Plaintiffs' proposed nationwide class and

state subclasses clearly do not meet the requisite standards under Rule 23 because the ultimate analysis of liability will require a highly fact-intensive and individualized analysis of the interactions that NSL had with hundreds of thousands of borrowers.  In addition, and as stated in its Motion to Dismiss, all of Plaintiffs' claims are preempted by the HEA; and Plaintiffs also fail to state any claim for a number of other, separate reasons.

As a result, on March 22, 2018, NSL filed its Motion to Stay pending the Court's ruling on NSL's Motion to Strike and Motion to Dismiss.  Courts frequently grant stays based on concerns for cost and efficiency when, as here, the Motion to Strike could reduce this litigation to only Plaintiffs' individual claims, and the Motion to Dismiss could entirely dispose of the case.  On April 23, 2018, Plaintiffs' filed their Opposition to NSL's Motion to Strike and Motion to Dismiss (Doc. 37) and filed their Opposition to NSL's Motion to Stay (Doc. 38).  NSL's Replies are due on May 14, 2018.  Plaintiffs filed the instant Motion on April 26, 2018.  Through their Motion, Plaintiffs seek discovery related only to the purported class claims.

## III.   <u>Argument</u>

### A.   <u>The Court Should Deny Plaintiffs' Motion as Improper and Intended to Harass</u>

Federal Rule of Civil Procedure 26 defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and <u>proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether <u>the burden or expense of the proposed discovery outweighs its likely benefit</u>.

Fed. R. Civ. P. 26(b)(1) (emphasis added).  Further, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. <u>See</u> Fed. R. Civ. P. 26(c); <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598 (1988); <u>Robinson v. Section 23 Prop. Owner's Ass'n, Inc.</u>, 2014 WL 2215757, at *6 (M.D. Fla. May 28, 2014).  For instance, the existence of grounds for dismissal justifies precluding a plaintiff from pursuing discovery that is unnecessary, thus avoiding the effort and expense associated with discovery altogether.  <u>See</u> <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief should, however, be resolved before discovery begins."); <u>Roman v. Tyco Simplex Grinnell</u>, No. 17-13895, 2018 WL 2024663, at *2 (11th Cir. May 1, 2018) ("In civil actions, a plaintiff's right to perform discovery and present his claims to a jury are not absolute.  In particular, a motion to dismiss for failure to state a claim must be resolved before discovery begins."); <u>Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.</u>, No. 2:17-CV-55-FTM-38CM, 2017 WL 3394231, at *2 (M.D. Fla. Aug. 8, 2017) (holding a stay of discovery appropriate because the pending motion to dismiss was case dispositive).

Precisely these circumstances exist here.  In the Motion to Strike, NSL has challenged the viability of all of the supposed class claims on numerous, well-supported grounds.  If the Court grants the Motion to Strike, the scope of this action will be substantially diminished (and, of course, if the Court also grants the Motion to Dismiss,

the case will be over).  On this basis alone, the Motion was unnecessary; all parties would benefit from the Court's ruling on the Motion to Strike.  In addition, though, Plaintiffs filed the Motion seeking to compel on class-wide discovery, even though NSL's Motion to Stay, on the <u>same</u> discovery, was <u>already</u> pending.  This cannot be construed as anything other than an attempt to burden and harass NSL by requiring it to oppose the Motion.  Accordingly, the Court should deny the Motion as improper.

## B.     Further, Even if the Motion was Proper, Plaintiffs' Discovery Requests are Subject to Objection, which NSL Has Not Waived

For purposes of the disputed class-wide discovery, Plaintiffs state that "[b]oth the [Requests for Production] and the Interrogatories are limited to the time period beginning January 1, 2006, which is the year before the PSLF program was enacted in 2007." (Motion, p. 5).  Notwithstanding the reference to a supposed "limit," this time period covers more than 12 years, and oddly includes a full year in which the PSLF program was not even in place.  When viewed in the context of Plaintiffs' very broad discovery requests, this time period plainly is overreaching and production would impose a substantial burden on NSL.  For instance, almost every Request for Production seeks "all documents" related to the particular subject matters, which is overbroad and burdensome, as a matter of law.  <u>See</u> <u>Kearney Partners Fund, LLC by & through Lincoln Partners Fund, LLC v. United States by & through Internal Revenue Serv.</u>, No. 210CV153FTM36SPC, 2011 WL 13137948, at *3 (M.D. Fla. Dec. 19, 2011) ("Requests for production that request any and all communications are generally considered overbroad and unduly burdensome.") (citing <u>Goodbys Creek, LLC v. Arch Insurance Co.</u>,

2008, WL 4279693 * 2 (M.D. Fla. September 15, 2008)); <u>Maldonado v. Cooperativa De Seguros Multiples De Puerto Rico, Inc.</u>, No. 8:13-CV-2361-T-35TBM, 2015 WL 12838184, at *2 (M.D. Fla. May 18, 2015) (holding that requests for "all documents" were "overly broad and impose an undue burden."); <u>Stern v. O'Quinn</u>, 253 F.R.D. 663, 693 (S.D. Fla. 2008) (finding request for "all" documents to be "overly broad in scope since it is not limited to issues presented in this case"); <u>Rice v. Reliastar Life Insurance Co.</u>, No. 11–CV–44 (BAJ)(CN), 2011 WL 5513181, at *2 (M.D. La. Nov. 10, 2011) (finding that "a request for 'any and all documents' relating to a particular subject is overbroad and amounts to little more than a fishing expedition"); <u>Henry v. Morgan's Hotel Grp., Inc.</u>, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (It is well established that "[b]lanket requests of this kind are plainly overbroad and impermissible.") (citing <u>Gropper v. David Ellis Real Estate, L.P.</u>, No. 13–CV–2068 (ALC)(JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").

Further, the Court should reject Plaintiffs' contention that, because NSL "makes objections but then answers 'subject to' those objections," NSL's overall objections are deemed waived. (Motion, p. 3). Indeed, courts consider waiving objections only when a party <u>substantively answers</u> an interrogatory despite the stated objections. <u>See Creative Touch Interiors, Inc. v. Nicholson</u>, No. 614CV2043ORL40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015) (waiving objections when plaintiff answered each interrogatory, beginning with the words: "Subject to and without waiving the foregoing objections."); <u>Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.</u>,

No. 2:10-CV-753-FTM-36, 2011 WL 4382104, at *4 (M.D. Fla. Sept. 20, 2011) ("If an objection to a discovery request is raised, and then the question is answered 'subject to' or 'without waiving' the objection, this court is reluctant to sustain the objection.") (emphasis added) (citing Mann v. Island Resorts Dev., Inc., 2009 WL 6409113 at *2–3 (N.D. Fla. Feb. 21, 2009).   But, here, NSL did not provide substantive responses. Instead, NSL stated that it would proceed with discovery if the Court denies the Motion to Stay.  For instance, in response to Plaintiffs' Requests for Production, NSL repeatedly states that:  "In the event discovery is not stayed, NSL will complete production of responsive documents, subject to the foregoing objections, within a reasonable time period mutually agreeable to the parties."  (Responses to Request for Production Nos. 1-18, attached to Motion as Exhibit B).  Meanwhile, the same is true for NSL's Responses to Plaintiffs' Interrogatories.  NSL does not even use the words "subject to" in its objections to Plaintiffs' Interrogatories.  (Responses to Request for Interrogatories Nos. 1-10, attached to Motion as Exhibit D).  As such, Plaintiffs' argument for a broad waiver is meritless.

Moreover, the Court should not find that NSL has waived its attorney-client privilege objections.  In the Motion, Plaintiffs seek to compel production of a privilege log and argue that, by not producing a log with its objections, NSL waived its privilege objections. (Motion, p. 7).  However, Plaintiffs are wrong on these points.  Where overly broad discovery requests include within their scope potentially privileged documents, and the party from whom the discovery is sought has objected on that basis, a privilege log need not be produced until the objections are resolved.  See Pensacola Firefighters' Relief

& Pension Fund Bd. of Directors v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 3:09CV53/MCR/MD, 2010 WL 11519376, at *5 (N.D. Fla. June 28, 2010) (explaining that the responding party "should provide documents and a privilege log for withheld documents within the period it alleges as the proper scope" and if the court overrules the overbreadth objection, "the responding party should be given an opportunity to produce the documents (if not privileged) or provide a privilege log"); United States v. Philip Morris Inc., 347 F.3d 951, 954 (D.C. Cir. 2003) ("In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections.") (quotation marks and citation omitted)); Grand River Enterprises Six Nations, Ltd. v. King, No. 02 CIV.5068(JFK), 2009 WL 63461, at *3 (S.D.N.Y. Jan. 12, 2009) ("Defendants did not have to complete their privilege logs while [their overbreadth] objection was pending.").

### C.   No Sanctions Should Be Awarded

Even if a motion to compel is granted, sanctions are not always warranted.  In fact, the "court must not order payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).

Here, no award of sanctions is warranted.  As explained above, this Motion is unnecessary and harassing because NSL already has placed the propriety of Plaintiffs' class action discovery before the Court.  Plaintiffs simply had to await the Court's decisions on NSL's pending Motion to Strike, Motion to Dismiss, and Motion to Stay.

Under these circumstances, and particularly where the disputed discovery requests themselves are objectionable, NSL acted appropriately in exercising its rights. Accordingly, the Court should deny Plaintiffs' request for sanctions.

**IV.** <u>**Conclusion**</u>

For the foregoing reasons, Plaintiffs' Motion should be denied in its entirety.


Dated: May 14, 2018                    Respectfully submitted,

                                       */s/ Ashley N. Rector*
                                       Ashley N. Rector, Esq.
                                       Florida Bar No. 0106605
                                       Dayle M. Van Hoose, Esq.
                                       Florida Bar No. 0016277
                                       SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                       3350 Buschwood Park Drive, Suite 195
                                       Tampa, Florida 33618
                                       Telephone: (813) 440-5327
                                       Facsimile: (866) 466-3140
                                       arector@sessions.legal
                                       dvanhoose@sessions.legal

                                       *Attorney for Defendant,*
                                       *Navient Solutions, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 14, 2018, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Katherine E. Yanes, Esq.               Gus M. Centrone, Esq.
Kynes, Markman & Felman, P.A.          Centrone & Shrader, PLLC
P.O. Box 3396                          612 W. Bay Street
Tampa, Florida 33601                   Tampa, Florida 33606
kyanes@kmf-law.com                     gcentrone@centroneshrader.com

_/s/ Ashley N. Rector_____
Attorney