UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWING D. DANIEL, WILLIAM
COTTRILL, BROOKE PADGETT,
MICHAEL FANELLA, JAMES
MORGAN, and ELAINE LAREINA,

        Plaintiffs,

v.                                        Case No. 8:17-cv-2503-T-24JSS

NAVIENT SOLUTIONS, LLC,

        Defendant.
_____/

**O R D E R**

Before the Court is Defendant Navient Solutions, LLC's Motion to Strike Class Allegations and to Dismiss and Incorporated Memorandum of Law (Doc. 28), Plaintiffs Edwing D. Daniel, William Cottrill, Brooke Padgett, Michael Fanella, and Elaine Lareina's Response in Opposition (Doc. 37), and Defendant's Reply to the Response (Doc. 56). The Court, having carefully considered the parties' submissions, finds that the Motion is due to be denied.

## I  FACTUAL BACKGROUND

Plaintiffs are a group of individuals working in public interest occupations who allegedly relied on the Public Service Loan Forgiveness (PSLF) program to forgive their student loans. All of the Plaintiffs used Defendant Navient Solutions LLC to service their student loans. Defendant is the largest student loan servicer in the United States and services more than 12 million borrowers. Defendant's responsibilities as a student loan servicer include informing borrowers about available repayment plans and communicating with borrowers about the repayment of their loans.

Plaintiffs allege that they relied on incorrect information and recommendations given to them by Defendant regarding their eligibility for student loan forgiveness under the PSLF, resulting in their mistaken belief that they were eligible for the PSLF program. Plaintiffs filed this Class Action Complaint against Defendant, on behalf of themselves and a proposed class of similarly-situated loan borrowers, for breach of fiduciary duty (Count I), negligence (Count II), unjust enrichment (Count III), breach of implied-in-law contract (Count IV), violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (Count V), violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 501, *et seq.* (Count VI), violation of the D.C. Consumer Protection Procedures Act, D.C. Code Ann. § 28.3901, *et seq.* (Count VIII), and violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.* (Count VIII). Plaintiffs seek damages, costs, and attorneys' fees for the alleged violations.

## II.  MOTION TO STRIKE

Defendant moves to strike Plaintiffs' class action allegations, arguing that Plaintiffs' proposed national class and state subclasses do not satisfy the requirements of Rule 23, Federal Rules of Civil Procedure. Specifically, Defendant argues that Plaintiffs will fail to satisfy the commonality, predominance, and superiority requirements of Rule 23 because determining its liability "will require a highly fact-intensive and individualized analysis of the interactions that [Navient] had with hundreds of thousands of its borrowers." (Doc. 28, p. 12). Defendant relies in large part on Rule 23(c)(1), which requires the Court "[a]t an early practicable time after a person sues or is sued as a class representative" to "determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1). (Doc. 28, p. 10). Defendant, however, overlooks the fact that "on a motion to strike pursuant to Rule 23, the Rule 23 factors should be

viewed through the lens of the Rule 12(f) standard for motions to strike." *DeJesus v. Cigna Corp.*, 2018 WL 375579, at *2 (M.D. Fla. Jan. 11, 2018) (citing *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693 (S.D. Fla 2014)) (internal quotation marks omitted). The Court may only strike an allegation from a pleading that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). "Motions to strike may be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Argentine v. Bank of Am. Corp.*, 2015 WL 12844395, at *1 (M.D. Fla. July 29, 2015) (quoting *United States v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326 (M.D. Fla. 2008)). "In the context of motions directed to allegations of class certification as insufficient under [Rule 23], the court must be particularly hesitant to decide matters against a class in view of the absence of a developed factual record." *Id.*

Defendant's motion necessarily fails when the Rule 12(f) standard is applied. In their First Amended Complaint, Plaintiffs adequately plead each of the pertinent requirements to maintain a Rule 23(b)(3) class action—numerosity, commonality, typicality, adequacy, predominance, and superiority—and the factual basis for asserting each requirement will be met at the class certification stage. (Doc. 19, pp. 4–7). Moreover, as Plaintiffs argue, Defendant's assertion that Plaintiffs will fail to meet particular Rule 23 requirements calls for a premature analysis by this Court into the viability of class certification. An order on class certification is premature prior to discovery and the parties having an opportunity to thoroughly brief the Rule 23 requirements. *See, e.g.*, *Fosbrink v. Area Wide Protective, Inc.*, 2017 WL 6947421, at *2 (M.D. Fla. Aug. 23, 2017) ("Here, Defendant's request to deny certification of the proposed classes is premature. The Court finds that the allegations in the Amended Complaint are not so facially defective to allow this Court to deny certification without Plaintiff being allowed to take

3

discovery to try to satisfy the requirements of [R]ule 23."); *Argentine*, 2015 WL 12844395, at *1 ("The Court…agrees with Plaintiff that the motion to strike the allegations of class certification is premature."); *James D. Hinson Elec. Contracting Co., Inc. v. AT&T Servs., Inc.*, 2014 WL 1118015, at *4 (M.D. Fla. Mar. 20, 2014) (holding it was premature to strike class action allegations based on the pleadings). While the instant motion to strike class allegations may be premature, one or more of Defendant's attacks on commonality, predominance, and superiority could ultimately provide a valid basis for denying a motion for class certification and, thus, Plaintiffs should be well-prepared to address them at that stage of this case.

### III.  MOTION TO DISMISS

#### A.  Preemption

Defendant also argues that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, based on preemption by the Higher Education Act ("HEA"). Defendant asserts that Plaintiffs' claims are barred by both express preemption and conflict preemption. In support of their express preemption argument, Defendant argues that 20 U.S.C. § 1098g has been interpreted as requiring dismissal of state law claims against student loan servicers for alleged misrepresentation or omissions of fact. Defendant argues that Plaintiffs' state law claims are expressly preempted by the HEA inasmuch as they seek to impose additional disclosure requirements on Defendant. Defendant further argues that Plaintiffs' claims are barred by conflict preemption because allowing individual, state-law causes of action is inconsistent with Congress's intention to create a uniform structure for servicing Direct Loans. Defendant maintains that allowing state-law causes of action would create a significant obstacle to implementation of the HEA's statutory purpose and the related regulatory scheme, but offers no evidence or case law to support its argument.

Plaintiffs' causes of action are not preempted by either express or conflict preemption. Defendants rely upon "express preemption, where Congress has expressly preempted local law," and "conflict preemption, where local law conflicts with federal law such that it is impossible for a party to comply with both or the local law is an obstacle to the achievement of such objectives." *New York SMSA Ltd. P'ship v. Town of Clarkstown*, 612 F.3d 97 (2d Cir. 2010). The Supreme Court has held the interpretation of a preemption statute is informed by two presumptions about the nature of preemption: (1) in all preemption cases, we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress, *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996); and (2) the analysis of the scope of a statute's preemption is guided by the purpose of Congress in enacting the statute, and the understanding of the scope of a preemption statute must rest primarily on a fair understanding of congressional purpose. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 530 (1992).

Defendant's preemption argument must fail. There is a strong presumption against preemption for matters that have typically been left to the States, and consumer protection is one of those traditionally state-regulated matters. *See California v. ARC Am. Corp.*, 490 U.S. 93, 101 (1989). Defendant relies on cases holding that state-law claims based on improper disclosures, or failure to disclose information the HEA does not require disclosure of, are expressly preempted. *See Chae v. SLM Corp.,* 593 F.3d 936 (9th Cir. 2010); *Linsley v. FMS Inv. Corp.,* 3:11CV961 VLB, 2012 WL 1309840 (D. Conn. Apr. 17, 2012); *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217 (11th Cir. 2002). However, these cases are inapplicable here because Plaintiffs are not claiming that Defendant merely failed to disclose the requirements of the PSLF program, but rather, they are asserting that Defendant made affirmative misrepresentations to

5

them. This contrasts with the Eleventh Circuit's opinion in *McCulloch*, where the Court specifically noted that the plaintiffs had "identified no affirmative misrepresentations" by the loan servicer. *McCulloch*, 298 F.3d at 1225.

Additionally, there is no reason to believe that Congress enacted 20 U.S.C. § 1098g with the intention of preempting claims such as the ones plaintiffs are asserting. 20 U.S.C. § 1098g reads as follows: "Loans made, insured, or guaranteed pursuant to a program authorized by Title IV of the Higher Education Act of 1965 shall not be subject to any disclosure requirements of any State law." 20 U.S.C. § 1098g (1982). The Eleventh Circuit has recognized that a claim is conflict preempted by the HEA only if: (1) it is not possible to comply with both the HEA and state law; or (2) complying with state law would interfere with accomplishing the objectives of the HEA. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113 (11th Cir. 2004). In *Cliff*, the Court recognized that state consumer protection causes of action may co-exist compatibly with the objectives of Congress in enacting the HEA to enable "the Secretary of Education to encourage lenders to make student loans, to provide student loans to those students who might not otherwise have access to funds, to pay any portion of the interest on student loans, and to guarantee lenders against losses." *Id.* at 1127.

Because it is possible for Defendant to comply with both the HEA and state law, and complying with state law would not interfere with accomplishing the objectives of the HEA of making, providing, and assisting with student loans, state law is not preempted by the HEA. Further, Defendant provides no rationale for how allowing Plaintiffs to assert their state-law causes of action would interfere with the HEA's objectives, besides stating that it may be counterproductive to the HEA's goal of creating a uniform structure for servicing Direct Loans. Uniformity, however, is not one of Congress's expressed goals in enacting the HEA, and

broadening the scope of the preemption statute would not rest upon a "fair understanding of congressional purpose." *Cipollone*, 505 U.S. at 530.  In fact, one case cited by Defendant actually rejects the uniformity argument raised by Defendant.  *College Loan Corp. v. SLM Corp., a Delaware Corp.,* 396 F.3d 588, 597 (4th Cir. 2005) (holding the court was unable to confirm that "uniformity" was actually an important goal of the HEA).  For these reasons, Plaintiffs claims are not preempted by the HEA.

### B.  Failure to State a Claim

As an alternative to preemption, Defendant seeks dismissal of the complaint pursuant to Rule 12(b)(6) for failure to state a cause of action.   Defendant argues that the claim of breach of fiduciary duty fails because Defendant's relationship with Plaintiffs was that of an arm's-length loan servicer, rather than a fiduciary counselor.  Defendant asserts that the negligence claim also fails because Defendant owed Plaintiffs no duty of care to provide financial advice regarding Plaintiffs' student loan repayment obligations.  Finally, Defendant contends that Plaintiffs' claims of unjust enrichment and breach of implied-in-law contract must be dismissed as duplicative and because Plaintiffs have not, and cannot, plead any facts to support their contention that they somehow conferred a benefit upon Defendant through its servicing of their loans.

In deciding a motion to dismiss under Rule 12(b)(6), the district court is required to view the complaint in the light most favorable to the plaintiff.  *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).  Federal Rules of Civil Procedure Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *See Bell Atlantic Corp. v. Twombly*,

127 S. Ct. 1955, 1964 (2007).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.*  The standard on a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir. 1986).

When the Complaint is viewed in the light most favorable to Plaintiffs, it is clear that Defendant's Motion to Dismiss must be denied.  Regarding, Plaintiffs' cause of action for breach of fiduciary duty, whether special circumstances exist that gave rise to such a relationship is a factual question that should not be resolved on a motion to dismiss.  *Yaffa v. SunSouth Bank*, 2015 WL 1485010, at *2 (N.D. Fla. Mar. 31, 2015).  Plaintiffs allege facts from which a jury could find such a relationship arose.  Plaintiffs allege that Defendant did not merely service Plaintiffs' loans by sending Plaintiffs invoices and collecting their payments, but rather, it held itself out to customers as having expertise regarding their repayment options and, in fact, provided customers with advice regarding loan repayment, and specifically whether the program they were in would qualify them to have their loans forgiven. (Doc. 19, ¶¶ 38, 41, 53, 56, 58, 61, 62, 65, 69, 75, 82, 83–84, 93, 95, 97, 101–02, 104-06).

As for Plaintiffs' negligence claim, Florida law requires a plaintiff to "establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (quoting *Fla. Dep't of Corr. v. Abril*, 969 So.2d 201, 204 (Fla. 2007)).  Plaintiffs allege that Defendant violated its duty of care to them by providing them false information regarding the status of their eligibility for the PSLF program, and that they were harmed by this breach of

duty. (Doc. 19, ¶¶ 125–27).

With respect to Plaintiffs' alternative causes of action for unjust enrichment and breach of implied-in-law contract, summary judgment, rather than a motion to dismiss, is the proper vehicle for resolution if the claims ultimately prove to be duplicative. *Krush Commn's, LLC v. Network Enhanced Telecom, LLP*, 2014 WL 12628601, at *1 (M.D. Fla. Mar. 5, 2014) (holding that it was not proper to resolve this issue on a motion to dismiss and prior to discovery). Further, the issue of whether a defendant benefitted at the plaintiff's expense is a "is a factual question not appropriately resolved on a motion to dismiss." *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 899 So. 2d 1222, 1228 (Fla. 1st DCA 2005). Regardless, Plaintiffs do allege that Defendant has not only benefitted from Plaintiffs' payments, but is also compensated for administering Plaintiffs' student loans, including helping Plaintiffs' navigate the requirements of the PSLF program. (Doc. 19, ¶ 112).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant Navient Solutions, LLC's Motion to Strike Class Allegations and to Dismiss (Doc. 28) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of June, 2018.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies provided to:
Counsel of record