UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWING D. DANIEL, *et. al*,

    Plaintiffs,

v.                                                                           Case No. 8:17-cv-02503-SCB-JSS

NAVIENT SOLUTIONS, LLC,

    Defendant.
_____/

**O R D E R**

This cause comes before the Court on Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Doc. No. 72), Defendant's Response in opposition to the Motion (Doc. No. 82), and Plaintiffs' Reply to the Response (Doc. No. 85). For the reasons that follow, the Court finds that Plaintiffs' Motion should be granted in part and denied in part.

**I. Background**

Plaintiffs filed this Class Action Complaint against Defendant, Navient Solutions, LLC, on behalf of themselves and a proposed class of similarly-situated loan borrowers, alleging they relied on incorrect information and recommendations given to them by Defendant regarding their eligibility for student loan forgiveness under the Public Service Loan Forgiveness (PSLF), resulting in their mistaken believe that they were eligible for the PSLF program. In response, Defendant asserted affirmative defenses, including: (1) Failure to State a Claim, (2) Estoppel, (3) Waiver, (4) Failure to Mitigate, (5) Bona Fide Error, (6) Due Process, (7) Intervening Cause, (8) Lack of Standing, (9) Good Faith Compliance, (10) Preemption, (11) Contributory/Comparative Negligence, (12) Labeled Number Thirteen, Statute of Limitations, (13) Labeled Number Fourteen, Laches, and (14) Labeled Number Fifteen, Reservation of Rights. In the instant motion, Plaintiffs request that the Court strike all fourteen affirmative defenses raised by

Defendant.

**II. Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999) (quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id.  "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citation omitted).

**III. Motion to Strike**

Plaintiffs move to strike all of Defendant's affirmative defenses.  Accordingly, the Court will analyze each affirmative defense.

    **A.  First Affirmative Defense**

Defendant's first affirmative defense argues failure to state a claim.  The Court notes Defendant's willingness to withdraw this affirmative defense in its Opposition to the Motion to

Strike Affirmative Defenses (Doc. No. 82, p.8) and thus, the motion to strike will be granted as to this defense and the first affirmative defense will be stricken.

### B. Second and Third Affirmative Defense

Defendant's second and third affirmative defenses argue waiver and estoppel. Defendant alleges the Amended Complaint is barred by Plaintiffs "conduct which amounts to and constitutes an estoppel of the claims" (Doc. No. 68, p.24) or by the "conduct of the Plaintiffs and the supposed class members" that constitutes waiver (Doc. No. 68, p.24). Plaintiffs attack these defenses as insufficiently pled, conclusory, or patently frivolous. (Doc. No. 72, p.11). However, "because discovery may render [these defenses] pertinent, and because the Plaintiffs have not shown that their presence in the answer and affirmative defenses is prejudicial (and no prejudice is apparent)" the Court declines to strike Defendant's second and third affirmative defense. See Moore v. R. Craig Hemphill & Associates, 2014 WL 2527162, at *3 (M.D. Fla. 2014). Therefore, Plaintiffs' motion to strike Defendant's second and third affirmative defenses will be denied.

### C. Fourth Affirmative Defense

In its fourth affirmative defense, Defendant asserts that Plaintiffs failed to mitigate damages and "therefore are barred, in whole or in part." (Doc. No. 68, p.25). Plaintiffs contend this defense is invalid as a matter of law because this doctrine is used to reduce damages rather than as a barrier to liability. (Doc. No. 72, p.12). While this defense is not technically an affirmative defense as contemplated by Rule 8 of the Federal Rules of Civil Procedure, it does serve "the laudable purpose of placing [Plaintiffs] and the Court on notice of certain issues which Defendant intends to assert against [Plaintiffs'] claims." Inlet Harbor Receivers, Inc. v. Fidelity Nat. Property & Cas. Ins. Co., 2008 WL 3200691 (M.D. Fla. 2008). Accordingly, the Court does

not believe it is necessary at this time to strike Defendant's fourth affirmative defense and will deny Plaintiffs' Motion as to this defense.

### D. Fifth, Sixth, and Seventh Affirmative Defenses

Defendant's fifth affirmative defense asserts *bona fide* error. (Doc. No. 68, p.25). Defendant's sixth affirmative defense asserts violations of the United States Constitution and its seventh affirmative defense asserts intervening cause. Specifically, Defendant states that any of Plaintiffs' alleged injuries were "proximately and solely cause by an independent and/or intervening cause or causes" for which the Defendant is not responsible. (Id.). Plaintiffs argue these defenses are either legally insufficient as one-sentence, conclusory statements that are "woefully insufficient to meet" pleading standards (Doc. No. 72, p.15), or that the defenses are "insufficiently pled" and do not provide fair notice to the Plaintiffs (id.).

This Court does not apply a heightened pleading standard to affirmative defenses. Suncoast Waterkeeper v. City of Gulfport, 2017 WL 3328398 (M.D. Fla. 2017). "[R]equiring affirmative defenses to contain the factual specificity needed to meet a plausibility standard would be unfair to defendants, who lack time to conduct investigations within the twenty-one day period to respond to complaints." Smith v. Wal-Mart Stores, Inc., 2012 WL 2377840, at *2 (N.D. Fla. 2012). Further, factual detail to support these affirmative defenses can be sought through discovery and their allowance will not cause the Plaintiffs prejudice. Therefore, the Court will deny Plaintiffs' motion to strike Defendant's fifth, sixth and seventh affirmative defenses.

### E. Eighth Affirmative Defense

Defendant's eighth affirmative defense asserts a lack of standing. Plaintiffs argue that this defense is invalid as a matter of law and needed to be raised in Defendant's motion to dismiss.

4

The Court is not persuaded by Plaintiffs' arguments. The "issue of standing goes to this Court's subject matter jurisdiction, and challenges to subject matter jurisdiction can be raised at any time." Suncoast Waterkeeper, 2017 WL 3328398, at *3. Additionally, an assertion that this federal court lacks subject-matter jurisdiction "may be raised at any stage in the litigation, even after trial and entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500 (2006). Further, the Court finds no prejudice to Plaintiffs in allowing the defense to remain. Accordingly, the Court will deny Plaintiffs' motion to strike this defense.

### F. Ninth Affirmative Defense

In its ninth affirmative defense, Defendant alleges good faith compliance. (Doc. No. 68, p.26). Defendant indicates its willingness to withdraw this defense without prejudice. (Doc. No. 82, p.14). Therefore, the Court will grant Plaintiffs' motion to strike as to this defense and the ninth affirmative defense will be stricken.

### G. Tenth Affirmative Defense

In its tenth affirmative defense Defendant alleges preemption of Plaintiffs' state law claims by "the Higher Education Act of 1965." (Doc. No. 68, p.26). Plaintiffs argue this affirmative defense is invalid as a matter of law because this argument was raised in Defendant's initial motion to dismiss, which was denied by this Court on June 25, 2018. (Doc. No. 28). Defendant responds that while this Court did deny its motion to dismiss, this Court left open the possibility that claims based on "omissions" might still be able to be preempted. (Doc. No. 82, p.14).

This Court clearly stated in its June 25th ruling that "Plaintiffs' causes of action are not preempted by either express or conflict preemption." (Doc. No. 28, p.5). Without analyzing whether this result changes when discussing alleged omissions by Defendant as opposed to affirmative misrepresentations, this Court has already ruled that preemption is not relevant

because "Plaintiffs are not claiming that Defendant merely failed to disclose the requirements of the PSLF program, but rather, they are asserting that Defendant made affirmative misrepresentations to them." Thus, preemption based on omissions "has no possible relationship to the controversy" and does "confuse the issues" in this case. <u>Argentine v. Bank of America Corp.</u>, 2015 WL 12844395, at *1 (M.D. Fla. 2008). Should Defendant believe Plaintiffs' arguments or claims later encompass "omissions," Defendant is free to amend its answer to claim preemption on this basis under the Higher Education Act of 1965 if it is so inclined. Accordingly, this Court will grant Plaintiffs motion to strike Defendant's tenth affirmative defense without prejudice.

### H. Eleventh Affirmative Defense

Defendant's eleventh affirmative defense alleges contributory/comparative negligence. Plaintiffs argue this defense is insufficiently pled in that it fails to set forth any facts "in which Plaintiff could be found comparatively negligent," (Doc. No. 72, p.18) (citing <u>Hester v. U.S.</u>, 2011 WL 6181913 (M.D. Fla. 2011)). However, as stated earlier, this Court does not apply a heightened pleading standard to affirmative defenses.

Further, the case Plaintiffs rely on can be distinguished from this case in that the defendant in <u>Hester</u> had alleged the affirmative defense of contributory negligence when the plaintiff was physically incapable of moving, as a paraplegic, and was then injured in a wheelchair accident. <u>Hester</u>, 2011 WL 6181913, at *2. The court, in <u>Hester</u>, could not understand how an individual who was completely immobile could have contributed to their own injuries and, thus, found that the defendant failed to effectively provide the plaintiff with notice of the defense.

because "Plaintiffs are not claiming that Defendant merely failed to disclose the requirements of the PSLF program, but rather, they are asserting that Defendant made affirmative misrepresentations to them." Thus, preemption based on omissions "has no possible relationship to the controversy" and does "confuse the issues" in this case. <u>Argentine v. Bank of America Corp.</u>, 2015 WL 12844395, at *1 (M.D. Fla. 2008). Should Defendant believe Plaintiffs' arguments or claims later encompass "omissions," Defendant is free to amend its answer to claim preemption on this basis under the Higher Education Act of 1965 if it is so inclined. Accordingly, this Court will grant Plaintiffs motion to strike Defendant's tenth affirmative defense without prejudice.

### H. Eleventh Affirmative Defense

Defendant's eleventh affirmative defense alleges contributory/comparative negligence. Plaintiffs argue this defense is insufficiently pled in that it fails to set forth any facts "in which Plaintiff could be found comparatively negligent," (Doc. No. 72, p.18) (citing <u>Hester v. U.S.</u>, 2011 WL 6181913 (M.D. Fla. 2011)). However, as stated earlier, this Court does not apply a heightened pleading standard to affirmative defenses.

Further, the case Plaintiffs rely on can be distinguished from this case in that the defendant in <u>Hester</u> had alleged the affirmative defense of contributory negligence when the plaintiff was physically incapable of moving, as a paraplegic, and was then injured in a wheelchair accident. <u>Hester</u>, 2011 WL 6181913, at *2. The court, in <u>Hester</u>, could not understand how an individual who was completely immobile could have contributed to their own injuries and, thus, found that the defendant failed to effectively provide the plaintiff with notice of the defense.

Here, Plaintiffs are not physically incapable of having contributed to their own injuries, and there are factual circumstances that could have arisen in which such contribution occurred. Therefore, additional factual detail to support these affirmative defenses can be sought through discovery and their allowance will not cause the Plaintiffs prejudice. Therefore, the Court will deny Plaintiffs' motion to strike Defendant's tenth affirmative defense.

### I. Twelfth and Thirteenth Affirmative Defenses

In its twelfth affirmative defense (which Defendant inadvertently numbered as its thirteenth affirmative defense), Defendant alleges Plaintiffs' "causes of action are barred by the applicable statute of limitations." (Doc. No. 68, p.26). In its thirteenth affirmative defense (which Defendant inadvertently numbered as its fourteenth affirmative defense), Defendant alleges that "Plaintiffs and the supposed class members claims are barred in whole, or in part, by the doctrine of latches [sic]." (Id.). No further detail is provided, and on that basis, Plaintiffs argue that both affirmative defenses are due to be dismissed.

To prevail on the affirmative defense of laches, the defendant must show that there was an unreasonable delay by a plaintiff in asserting his or her rights that caused undue prejudice to the defendant. See Fine's Gallery, LLC v. From Europe to You, Inc., 2011 WL 5583334, at *2 (M.D. Fla. 2011); Branch Banking & Trust Co. v. Park Circle, LLC, 2014 WL 1870606, at *6 (M.D. Fla. 2014). Even assuming Plaintiffs delayed in asserting their rights in seeking relief, there is no explanation as to how that delay caused the Defendant unfair prejudice. Nonetheless, such failures of proof are more appropriately dealt with at the summary judgment stage of the proceedings.

Inasmuch as this Court does not require heightened pleading standards for affirmative defenses and because it finds no prejudice to the Plaintiffs in allowing both affirmative defenses

7

to remain, the Court will deny Plaintiffs' motion to strike Defendant's twelfth and thirteenth affirmative defenses.

### J. Fourteenth Affirmative Defense

In its fourteenth affirmative defense (which Defendant inadvertently numbered as its fifteenth affirmative defense), Defendant reserves its rights to assert any other affirmative defenses as may be appropriate. (Doc. No. 68, p.27). Defendant concedes it will withdraw this defense (Doc. No. 82, p.17) and, thus, the motion to strike will be granted as to this defense and the fourteenth affirmative defense will be stricken.

## IV. Conclusion

**ACCORDINGLY**, it **is ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Affirmative Defenses of Navient Solutions, LLC (Doc. No. 72) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted as to Defendant's affirmative defenses one, nine, ten, and fourteen. It is otherwise denied.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of October, 2018.

*(signed)* Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

**Copies provided to:**
Counsel of record