UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWING D. DANIEL,
WILLIAM COTTRILL,
BROOKE PADGETT,
MICHAEL FANELLA,
ELAINE LAREINA,

        Plaintiffs,                      CASE NO.: 8:17-cv-02503-SCB-JSS

v.

NAVIENT SOLUTIONS, LLC,

        Defendant.
_____/

## PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs, Ed Daniel *et al.* ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 37, moves for sanctions against Navient Solutions, LLC ("Defendant" or "NSL") based on Defendant's failure to obey this Court's June 26, 2018 Order ("Order") (Doc. 65). Defendant has not produced records it has already been ordered to produce that are critical to Plaintiffs' forthcoming Motion for Class Certification.

Specifically, NSL's defiance of the Court's Order has prejudiced Plaintiffs in establishing the class certification requirements of numerosity, commonality, typicality, and ascertainability. Accordingly, Plaintiff requests: (1) , that NSL be precluded from asserting arguments that Plaintiff has failed to satisfy those class certification requirements; and (2) payment of Plaintiff's attorney's fees and costs for filing the instant motion and motion to compel. Doc. 14.

## PROCEDURAL BACKGROUND AND FACTS

1.     The initial Complaint in this matter was filed on October 16, 2017. Doc. 1. Defendant filed its Answer and Affirmative Defenses on December 7, 2017. Doc. 8.

1

2. On January 30, 2018, an Amended Complaint was filed adding additional named plaintiffs and claims. Doc. 19.

3. On February 7, 2018, Plaintiff propounded Interrogatories (the "Interrogatories"), and Requests for Production ("RFP") (collectively, the "Discovery Requests") on NSL. A copy of the Discovery Requests are attached as **Exhibit A**.

4. On March 23, 2018, NSL submitted to Plaintiff its written responses to the Discovery Requests (collectively, the "Discovery Responses").

5. NSL's Discovery Responses raised a myriad of baseless objections and provided absolutely no information related to the Class discovery requested.

6. Due to NSL's failure to produce any useful information to the Class discovery, Plaintiffs filed a Motion to Compel Discovery on April 26, 2018. Doc 42.

7. An Order was entered, granting in part and denying in part, Plaintiffs' Motion to Compel Discovery on June 26, 2018. Doc. 65. That Order gave Navient sixty (60) days to supplement its production.

8. On August 28, 2018, sixty-three (63) days after being ordered to do so, Navient supplemented its discovery responses. A copy of NSL's Supplemental Responses to Plaintiffs' First Set of Interrogatories is attached as **Exhibit B**. A copy of NSL's Supplemental Response to Plaintiffs' First Request for Production is attached as **Exhibit C**.

9. On August 29, 2018, NSL produced a batch of documents. Upon review of those documents, Plaintiffs' counsel determined that the production was incomplete.

10. On September 20, 2018, Plaintiffs' counsel sent NSL's counsel a letter setting forth the discovery disputes. A copy of the Discovery Dispute Letter is attached as **Exhibit D**.

11. Counsel for the parties coordinated a follow-up telephone conference. NSL's counsel requested that the phone call occur on October 2, 2018 – twelve days after the letter was sent. NSL's counsel then requested that the phone conference be moved to October 3, 2018, which Plaintiff's counsel agreed to do.

12. During the initial phone conference, it was clear that NSL's counsel was unfamiliar with any of the issues raised in the dispute letter. No progress was made addressing any of the discovery disputes. Instead, NSL's counsel requested a follow-up call on October 11, 2018.

13. During and after the October 11, 2018, telephone conference, NSL promised that it would produce additional documents and information by November 3, 2018, at the latest. A copy of the e-mail from NSL's counsel is attached as **Exhibit E**.

14. However, that date passed and NSL produced no additional information addressing the disputes Plaintiffs' raise in this motion.

15. Thus, from September 20, 2018 (when Plaintiffs sent the Discovery Dispute Letter) to November 3, 2018, Plaintiffs were unable to make any progress in discovery on requests dating back to February 2018, due to NSL's repeated delays and false promises of forthcoming information.

16. That delay has severely prejudiced Plaintiffs, who face a looming class certification deadline.

17. Despite Plaintiffs attempts to have Defendant fully cooperate in discovery and despite this Court's Order, Defendant has continued to fail to produce responsive discovery. Further, this Motion does not reflect all outstanding discovery issues between the parties. However, due to the looming class certification deadline and the importance of the information

sought, as detailed below, Plaintiffs have no choice except to seek sanctions against NSL for its failure to obey the Order.

18. Plaintiff now requests this court to sanction Defendant for failing to participate in discovery and for failing to comply with the Order.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 37(b)(2) states that "[i]f a party…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders. They may include the following:…(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; and (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2).

Further, Federal Rule of Civil Procedure 37(b)(2)(C) states "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Fannin v. United Space All., L.L.C.*, Case No. 6:07-cv-1315-Orl-DAB, 2008 WL 976917, at *1 (M.D. Fla. Apr. 9, 2008). "A district court has broad discretion

in fashioning appropriate sanctions for violation of discovery orders". *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993). "[The] continued failure to engage in discovery and failure to comply with [a] Court Order and directives, [warrants sanctions]." *Rodrigues Lorador v. Vasquez*, Case No. 8:14-cv-433-T-23AEP, 2015 WL 12818831 (M.D. Fla. April 10, 2015).

## ARGUMENT

NSL has failed to comply with this Court's Order, delayed discovery for months, made false promises of compliance and then broken them. NSL should be sanctioned. While Plaintiff's Discovery Dispute Letter raised a number of issues for which NSL has not complied with the Order, this Motion focuses only on the most critical information that NSL refuses to produce, which is urgently needed to prepare Plaintiffs' motion for class certification.

### Borrower Complaints

Plaintiffs' First Request for Production #18 requested from NSL "All documents related to any complaints or grievances made by or on behalf of borrowers against Defendant relating to or involving the PSLF program." The Court ordered NSL to produce such documents. Doc. 65, ¶ 1. NSL has not done so.

NSL produced a Microsoft Excel spreadsheet it purports to relate to this request. As set forth in Plaintiffs' Discovery Dispute Letter that spreadsheet is "unreadable" because it does not allow the reader to view all the information it contains. Ex. D, p. 1. However, more importantly, NSL was ordered to produce "all documents" related to complaints or grievances. The spreadsheet appears to have been produced solely for purposes of this litigation. NSL has provided no documentation of any kind relating to the underlying complaints or grievances.

Plaintiffs know such documentation exists because at least one named Plaintiff, Michael Fanella, was engaged with NSL's complaint department over the issues raised in this litigation for months and received correspondence and other documentation related to those complaints.

This information is critical to Plaintiffs' forthcoming class certification motion because it will likely show the extent of NSL's allegedly illegal conduct, its knowledge that this conduct had been occurring for years, as well as NSL's failure to take any action to remedy the conduct.

**Customer Service Contact Information**

NSL has also failed to provide contact information for witnesses to the events giving rise to this lawsuit, despite being ordered by the Court to do so. Doc. 65, ¶ 2.[1] Plaintiffs' Interrogatory #2 requested NSL to "Please identify every employee who has ever spoken to or communicated with Plaintiffs, including their name, employee identification number, the dates of their employment, and, if they are no longer employed by Defendant, the reason for their departure." Ex. A. Further, Plaintiffs' interrogatories specifically instructed that NSL provide "present and last known address" and phone numbers. *Id*. This request was aimed at identifying NSL employees responsible for the false communications at issue in this lawsuit so that they could be deposed.

In its Supplemental Response, NSL provided a list of individuals, but provided only a "Code," "Employee Name," "Hire Date," and "Last Date." Ex. B. NSL provided no information for Plaintiffs to be able to identify these witnesses in order to speak with them or notice them for deposition. It appears that none of these individuals are presently employed by NSL. Other than Plaintiffs, these witnesses are the only people with direct information about what occurred during the communications that form the basis of this lawsuit. In addition, these witnesses (as former

---

[1] The Order granting the Motion to Compel excluded information related to the employee's reason for departure and Plaintiffs are not now seeking that information. Doc. 65, ¶ 2.

NSL employees) will have critical information relating to how NSL's policies, procedures, training, and culture are actually carried out on a day-to-day basis inside NSL.

## RELIEF REQUESTED

When a party has failed to comply with its discovery obligations after having been ordered to do so, "the remedies may be tailored to the conduct and the harm to the opposing party." *In re Narciso*, 149 B.R. 913, 916 (Bankr. E.D. Ark. 1992); *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 220 (S.D.N.Y. 2013) (sanctions should be imposed "that address defendants' misbehavior and seek to place [the plaintiff] in a position as near as possible to that which it would occupy had the [discovery] been produced). If a party fails to obey a discovery order, the court has the latitude to enter "further just orders," including orders "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P 37(b)(2). Such remedies may include, for example, the application of adverse inferences or findings of fact, precluding arguments or affirmative defenses, or excluding certain witnesses or evidence relevant to the noncompliance. *See, e.g.*, *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 113 (2d Cir. 2002); *Moore v. Napolitano*, 723 F. Supp. 2d 167, 178 (D.D.C. 2010); *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Mar. Antalya*, 248 F.R.D. 126, 159 (S.D.N.Y. 2007); *Richardson v. Union Oil Co. of California*, 167 F.R.D. 1, 5 (D.D.C. 1996), on reconsideration in part, 170 F.R.D. 333 (D.D.C. 1996).

Here, the evidence NSL has failed and refused to produce is directly relevant to several of the requirements Plaintiffs will have to show are satisfied to obtain class certification. For instance, Plaintiffs will be required to establish that "the class is so numerous that the joinder of

7

all members is impracticable," Fed. R. Civ. P. 23(a), known as "numerosity." The number of complaints NSL has received from borrowers related to its servicing of PSLF loans is directly relevant to establish the number of class members. NSL's failure to produce this information has interfered with Plaintiff's ability to establish this class certification requirement. The Court could therefore reasonable sanction NSL for refusing to produce this information by precluding NSL from arguing that numerosity has not been established.

Similarly, Plaintiffs will be required to establish that "there are questions of law or fact common to the class," R. 23(a)(2), known as "commonality," and that Plaintiffs' claims "are typical of the claims … of the class," R23(a)(3), or "typicality." Plaintiffs believe that the substance of the complaints NSL has received relating to the PSLF program will establish that many borrowers received precisely the same types of erroneous information, and that the false information they received is similar in nature to the false information the Plaintiffs received. Plaintiffs also anticipate that when they are able to interview the former NSL customer service representatives who interacted with the Plaintiffs, not only will they confirm the communications Plaintiffs have alleged, but they will also be able to describe the systems, processes, and training that resulted in numerous borrowers being provided with false and inaccurate information regarding whether they qualified for the PSLF program. NSL should therefore be precluded from arguing that commonality or typicality have not been established.

Further, Plaintiffs anticipate that NSL will argue that class certification should be denied on the theory that the class is not ascertainable. The discovery NSL has failed and refused to produce is critical to rebutting that argument. Plaintiffs believe numerous potential class members have already self-identified as victims of NSL's falsehoods by making such complaints; NSL, however, has refused to produce any documents whatsoever related to borrower complaints

relating the PSLF program. Similarly, Plaintiffs believe the information the NSL customer service representatives could provide regarding the systems, policies, and procedures that led to the Plaintiffs being misled is likely to also shed light on methods by which class members may be identified. For these reasons, NSL should be precluded from arguing the proposed class is not ascertainable. Over four months after NSL was ordered to produce borrower complaints related to the PSLF program and contact information for the customer service representatives who interacted with the Plaintiffs, and over two months after the deadline the Court set for NSL to produce those documents, and after repeated requests from Plaintiffs, NSL has failed and refused to produce any customer complaints or contact information for any of its customers service representatives. .Because Plaintiffs have been prejudiced in the preparation of their motion for class certification by NSL's refusal to produce information the Court has already ordered it to produce, the Court should impose sanctions on NSL that are calculated to mitigate that prejudice.

Plaintiffs further request in the alternative or in addition to the above-sought relief, Plaintiffs request that the Court mitigate the prejudice to Plaintiffs from NSL's refusal to produce evidence relating to class certification discovery in at least two ways. First, Plaintiffs should be permitted to take a second deposition of NSL's corporate representative regarding class certification issues, at the expense of NSL, after NSL produces the evidence that is the subject of motion (as well as the previously-filed Second Motion to Compel and the Third Motion to Compel, which is also being filed this day). Second, Plaintiffs should be permitted to supplement their class certification motion within a reasonable period of time after the NSL produces the evidence that is the subject of these motions and re-deposes NSL's corporate representative.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court grant Plaintiff's Motion for Sanctions, order that Navient be precluded from arguing that the class certification requirements of numerosity, typicality, or commonality to not exist, and should further be precluded from arguing the class is not ascertainable, and award Plaintiff reasonable attorney's fees and costs for the filing of this instant motion, and grant such further relief as the court deems necessary and proper.

Dated:  November 12, 2018                                             Respectfully Submitted,

**KYNES, MARKMAN & FELMAN, P.A.**                **DUNLAP, BENNETT & LUDWIG**
P.O. Box 3396                                                               612 W. Bay Street
Tampa, Florida  33601                                               Tampa, Florida 33606
Phone:  (813) 229-1118                                             Phone:  (813) 360-1529
Fax:     (813)  221-6750                                              Fax:      (813) 336-0832


/s/ Katherine Earle Yanes                                             /s/ Gus M. Centrone
**KATHERINE EARLE YANES, ESQ.**                 **BRIAN L. SHRADER, ESQ.**
Florida Bar. No. 658464                                           Florida Bar No. 57251
e-mail: kyanes@kmf-law.com                                 e-mail: bshrader@dbllawyers.com
                                                                                    **GUS M. CENTRONE, ESQ.**
                                                                                    Florida Bar No. 30151
                                                                                    e-mail: gcentrone@dbllawyers.com
                                                                                    **Attorneys for Plaintiffs**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2018, I presented a true and correct copy of the foregoing to the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, for filing and uploading to the CM/ECF system.

                                                                     /s/ Gus M. Centrone
                                                                    Attorney