UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWING D. DANIEL,
WILLIAM COTTRILL,
BROOKE PADGETT,
MICHAEL FANELLA,
ELAINE LAREINA,

      Plaintiffs,

v.

NAVIENT SOLUTIONS, LLC,

      Defendant.

Case No.: 8:17-cv-02503-SCB-JSS

**DEFENDANT NAVIENT SOLUTIONS, LLC'S OPPOSITION
TO PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**

**I. Introduction**

In their Second Motion to Compel Discovery (the "Motion"), plaintiffs Edwing Daniel ("Daniel"), William Cottrill ("Cottrill"), Brooke Padgett ("Padgett"), Michael Fanella ("Fanella"), and Elaine Lareina ("Lareina") (collectively, "Plaintiffs") seek to compel the production of documents that will purportedly show that defendant Navient Solutions, LLC ("NSL") "created an environment" in which customer service representatives made misrepresentations to millions of student loan borrowers about the availability of the Public Service Loan Forgiveness ("PSLF") program.  Specifically, Plaintiffs seek all "documents related to [NSL's] compensation structure for its customer service representatives," including all "[d]ocuments regarding [their] creation and or modification…including any internal memoranda, reports, drafts, etc."  See Request for Production 1-2.  Plaintiffs also seek all "[d]ocuments regarding the financial impact of changes to [NSL's] incentive compensation plans," as well as documents regarding NSL's "Average Handle

Time" for telephone calls, including "measurements, reports, and memoranda regarding the impact…on operational cost or any other financial impact." See Request for Production Nos. 2-4. According to Plaintiffs, "NSL's pay structure incentivizes shorter phone calls," and "shorter phone calls with borrowers shows the motive and the reason why NSL representatives would repeatedly lie to Plaintiffs (and others like them)." See Motion, p. 6.

Put simply, the Court should reject Plaintiffs' request for this compensation and call handling information for several reasons. First, the request has no bearing on any legal claim asserted in this action. Plaintiffs allege here that NSL made *actual* misrepresentations to borrowers regarding their eligibility for the PSLF program. By their request, Plaintiffs seemingly would attempt to substitute a suggestion or assumption of a misrepresentation for proof of an actual misrepresentation. As a matter of law, this would not, and could not, suffice. Second, Plaintiffs' arguments in support of the request make little sense. Indeed, there is no valid basis upon which to assume that a call involving a misrepresentation necessarily would be shorter than another call. To the contrary, the length of a call would be more consistent with allegations of non-disclosure, which the Court has determined is not at issue here. See June 25 Order, p. 5 (Doc. 62) (holding that preemption does not apply because "Plaintiffs are not claiming that [NSL] merely failed to disclose the requirements of the PSLF program, but rather, they are asserting that [NSL] made affirmative misrepresentations to them."). Third, even Plaintiffs' own experience regarding telephone calls with NSL does not support the request.

Against this background, NSL strongly believes that Plaintiffs' requests are improper. Nevertheless, NSL has located summary documents related to agent compensation and call handling, and, in the spirit of cooperation, will produce them. However, the Court should not require NSL to search for "all" other documents relating to these subjects, and particularly not for

a timeframe extending back to 2006. Given the marginal value of the information, at best, the burden and expense of searching for such documents plainly would not be justified.

## II.     BACKGROUND

### A.     The Instant Claims

NSL is a servicer of federally owned or guaranteed student loans. As the Court noted in its June 25 Order (Doc. 62) on NSL's Motion to Strike Class Allegations and to Dismiss, "Plaintiffs allege that they relied on incorrect information and recommendations given to them by NSL regarding their eligibility for student loan forgiveness under the [PSLF] program," which is offered by the United States Department of Education ("ED"). See June 25 Order, p. 1 (Doc. 62). "Plaintiffs are not claiming that Defendant merely failed to disclose the requirements of the PSLF program, but rather, they are asserting that [NSL] made affirmative misrepresentations to them." Id., p. 5.

In the First Amended Complaint ("Amended Complaint"), based on these contentions, Plaintiffs assert claims against NSL for: (1) breach of fiduciary duty; (2) negligence; (3) unjust enrichment; and (4) breach of implied-in-law contract. In addition, Plaintiffs allege state-specific consumer law claims.[1] Plaintiffs purport to bring their claims for themselves and a nationwide class or, alternatively, respective state classes, as follows:

> [A]ll other similarly-situated student loan borrowers . . . who are or were employed full-time by a government or a nonprofit corporation that is a qualifying organization for the purposes of the [PSLF], and who [from October 25, 2013 to the present], had student loans serviced by [NSL] that were in repayment status.

(Amended Complaint, ¶ 20).

---

[1] Lareina, on behalf of herself and others similarly situated, asserts a violation of the Colorado Consumer Protection Act.

### B. Relevant Background

Thus far in this action, and in compliance with the Court's Order dated June 26, 2018 (Doc. 65), NSL has produced more than *4,000 documents,* totaling more than *115,000 pages*. Those documents consist of Plaintiffs' loan information, including promissory notes, payment histories, call logs, call recordings, and correspondence history, as well as NSL's policies and procedures regarding handling PSLF-related questions, including information referenced by NSL's customer service representatives, training materials, form documents provided to borrowers interested in PSLF, borrower complaints relating to the PSLF program and PSLF-related correspondence between NSL and ED.

Further, and notably, those documents and publicly available information contain important information about the operation of the PSLF program (in contrast to Plaintiffs' allegations). For instance, only loans provided through the William D. Ford Federal Direct Loan ("Direct Loan") program qualify for the PSLF program. See https://studentaid.ed.gov/sa/repay-loans/forgiveness-cancellation/public-service. ED manages the PSLF program, and, has contracted with a single and exclusive entity to service the program, FedLoan Servicing. FedLoan Servicing services certain federal loans, including Direct Loans, for the Pennsylvania Higher Education Assistance Agency ("PHEAA"). FedLoan Servicing handles day-to-day activities associated with the program, which include responding to borrower inquiries, making preliminary determinations about whether borrowers' employment and loans qualify for PSLF, and processing PSLF loan forgiveness applications. See https://studentaid.ed.gov/sa/repay-loans/forgiveness-cancellation/public-service. Federal loan servicers, like NSL, have no control over the administration or servicing of the PSLF program. Rather, per ED's directives, NSL instructs borrowers to contact ED and/or PHEAA for additional information on the PSLF program, including Direct Loan consolidation. Id.; see also https://navient.com/in-repayment/forms.

In any event, on July 20, 2018, Plaintiffs propounded a second set of Interrogatories and Request for Production, which are at issue in the Motion. As set forth above, Plaintiffs seek compensation information for NSL's customer service agents, along with information about call handling time.

### III.    Argument

#### A.    The Requested Compensation And Call Handling Information Is Neither Relevant Nor Proportional To The Needs Of The Case, And The Court Should Deny The Motion.

Federal Rule of Civil Procedure 26 defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim</u> or defense and <u>proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether <u>the burden or expense of the proposed discovery outweighs its likely benefit</u>.

<u>See</u> Fed. R. Civ. P. 26(b)(1) (emphasis added). The Advisory Committee Notes explain that the Committee was concerned with "overbroad discovery" and intended for "the parties and the court to focus on the actual claims and defenses involved in the action." <u>See</u> Fed.R.Civ.P. 26, Advisory Comm. Notes, 2000 Amendment (noting that courts should "confine discovery to the claims and defenses asserted in the pleadings"); <u>see also</u> <u>Martinez v. Rycars Const., LLC</u>, No. CV410-049, 2010 WL 3070193, at *1 (S.D. Ga. Aug. 3, 2010) ("Courts focus on the *actual claims* and defenses involved in the action.") (emphasis in original). As stated in the Motion, "Plaintiffs believe the requested evidence will demonstrate that [NSL] created an environment in which customer service representatives routinely misled callers and/or fail[ed] to take the time to adequately investigate and accurately respond to [borrowers'] questions in order to end calls quickly." <u>See</u> Motion, p. 2. Plaintiffs' belief, however, does not square with the legal claims advanced.

As noted above, Plaintiffs purport to bring various claims here, including breach of fiduciary duty, negligence and violation of consumer protection statutes. But at bottom, in order to prevail on these claims, Plaintiffs must prove that NSL *in fact* made affirmative misrepresentations to borrowers regarding their PSLF loan eligibility, and that those misrepresentations caused concrete harm. See, e.g., Chang v. JPMorgan Chase Bank, N.A., 845 F.3d 1087, 1094 (11th Cir. 2017) (quoting Fla. Dep't of Corr. v. Abril, 969 So. 2d 201, 204 (Fla. 2007)) (stating that, on a negligence claim, Florida law requires a plaintiff to "establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages"); June 25 Order (Doc. 62) (citing Amended Complaint, ¶¶ 125–27) (Doc. 19) ("Plaintiffs allege that Defendant violated its duty of care to them by providing them false information regarding the status of their eligibility for the PSLF program, and that they were harmed by this breach of duty."); see also Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 501, et seq. (prohibiting the use of "[u]nfair methods of competition and unfair or deceptive acts or practices, including … fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact"; Colorado Consumer Protection Act (C.C.P.A."), Colo. Rev. Stat. § 6-1-101 (prohibiting knowingly making false representations regarding services offered).

The information sought by Plaintiffs clearly does not relate to any actual misrepresentation. Instead, at best the information would allow only for a suggestion of a misrepresentation, where proof of actual misrepresentation is required. For this reason alone, the Motion should be denied. See Dellacasa, LLC v. John Moriarty & Assocs. of Fla., Inc., No. 07-21659-CIV, 2007 WL 4117261, at *1 (S.D. Fla. Nov. 16, 2007) (denying motion to compel because the requested

discovery was directed at proving a "pattern" of behavior that did "not relate to an actual claim or defense in the instant action"). In addition, Plaintiffs' arguments in support of the request are without foundation. Plaintiffs simply assume that a call involving a misrepresentation necessarily would be shorter than another call, and this assumption is entirely baseless. In fact, the length of a call seemingly would be more relevant to a theory of non-disclosure -- e.g., it takes less time to say nothing than to say something – but non-disclosure is not at issue. See June 25 Order, p. 5 (Doc. 62).

Finally, even the experience of Plaintiffs' themselves does not justify the request. For example, according to Fanella's call log, NSL had conversations with him, lasting as long as 28 minutes. According to Lareina's call log, NSL had conversations with her lasting as long as 9 minutes. Further, NSL has call recordings showing that Fanella and Lareina were told that their loans did not qualify for the PSLF program, that they needed to consolidate them into Direct Loans and to contact ED to do so. On January 5, 2017, NSL provided this information to Fanella in a call lasting 11:32 minutes; and, again on January 26, 2017, in a call lasting 19:06 minutes. Meanwhile, on January 21, 2014, NSL provided the same information to Lareina in a call lasting 7.57 minutes, as well as on August 3, 2015 in a call lasting 2.51 minutes.[2]

Importantly, Plaintiffs -- not NSL -- ended each of the conversations. At the end of each call, the representatives asked if there was anything further the representatives could do for Plaintiffs. The calls only ended with Plaintiffs said no and ended the call. Thus, Plaintiffs' own

---

[2] Padgett was also sent written correspondence advising her of the same. According to NSL's call recordings, Daniel and Cottrill never even inquired about the PSLF program.

experiences with the conversations debunk their theory regarding NSL's "environment" created by the compensation and call handling practices.[3]

### B. The Requests Themselves Are Overbroad, As Framed.

Plaintiffs' requests here are overbroad and burdensome as a matter of law because they seek "all documents" related to the subject matters (and even include sub-requests related to those responsive documents, including documents related to "creation," "modification," "internal reports," "drafts," and "measurements"). See Kearney Partners Fund, LLC by & through Lincoln Partners Fund, LLC v. United States by & through Internal Revenue Serv., No. 210CV153FTM36SPC, 2011 WL 13137948, at *3 (M.D. Fla. Dec. 19, 2011) ("Requests for production that request any and all communications are generally considered overbroad and unduly burdensome.") (citing Goodbys Creek, LLC v. Arch Insurance Co., 2008, WL 4279693 * 2 (M.D. Fla. September 15, 2008)); Maldonado v. Cooperativa De Seguros Multiples De Puerto Rico, Inc., No. 8:13-CV-2361-T-35TBM, 2015 WL 12838184, at *2 (M.D. Fla. May 18, 2015) (holding that requests for "all documents" were "overly broad and impose an undue burden."); Stern v. O'Quinn, 253 F.R.D. 663, 693 (S.D. Fla. 2008) (finding request for "all" documents to be "overly broad in scope since it is not limited to issues presented in this case").

As noted, NSL has located summary documents related to agent compensation and call handling. While NSL firmly believes that they are of no import here whatsoever, for all of the reasons discussed above, NSL will produce them. However, NSL should not be required to undertake the additional burden of searching for "all" other documents related to those subjects, and particularly not going back to 2006.

---

[3] Similarly, Plaintiffs cannot credibly argue that NSL's environment bears on class certification, such as commonality. The requested discovery simply has no relevance.

### C.      No Sanctions Should Be Awarded.

Even if a motion to compel is granted, sanctions are not necessarily warranted.  In fact, the "court must not order payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A); see Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993) ("[S]ubstantially justified" under Rule 37 if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."); Neumont v. Monroe Cty., Fla., 225 F.R.D. 266, 268 (S.D. Fla. 2004) (citations omitted) (Just because the objections were ultimately withdrawn or overruled . . . does not mean the objections as asserted were not substantially justified."); Vanderwall v. United Airlines, Inc., No. 14-CIV-60256, 2014 WL 12495260, at *1 (S.D. Fla. Dec. 16, 2014) (denying request for sanctions because, even though the "Court ultimately disagreed with Plaintiffs' position on the three disputed discovery requests and granted Defendant's motion to compel, the Court nonetheless [found] that Plaintiffs were substantially justified in their objections to Defendant's discovery demands."); DeMayo v. Palms W. Hosp., No. 11-81211-CIV, 2012 WL 13076830, at *2 (S.D. Fla. Aug. 15, 2012) (denying request for sanctions because "both sides' arguments had certain merits.").

Even if the Court is inclined to grant Plaintiffs' Motion, sanctions are not warranted.  NSL has valid objections to the requests, as framed, and also when viewed in the context of the specific claims of misrepresentation alleged in this action.  Further, notwithstanding its valid objections, NSL will produce the summary documents that have been located (and NSL has already produced more than 4,000 documents, comprising more than 115,000 pages).

**IV.     Conclusion**

      For the foregoing reasons, Plaintiffs' Motion should be denied in its entirety.

Date: November 16, 2018

                                    Respectfully Submitted,

                                    */s/ Ashley N. Rector*
                                    Ashley N. Rector, Esq.
                                    Florida Bar No. 0106605
                                    Dayle M. Van Hoose, Esq.
                                    Florida Bar No. 0016277
                                    SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                    3350 Buschwood Park Drive, Suite 195
                                    Tampa, Florida 33618
                                    Telephone: (813) 440-5327
                                    Facsimile: (866) 466-3140
                                    arector@sessions.legal
                                    dvanhoose@sessions.legal

                                    *Attorneys for Defendant,*
                                    *Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2018 the foregoing DEFENDANT NAVIENT SOLUTIONS, LLC RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY was electronically filed and served through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Gus M. Centrone, Esq. | Katherine E. Yanes, Esq. |
| Brian L. Shrader, Esq. | Brandon K. Breslow, Esq. |
| Dunlap Bennett & Ludwig PLLC | Kynes, Markman & Felman, PA |
| 612 W. Bay Street | 100 S. Ashley Drive, Ste 1300 |
| Tampa, FL 33606-2704 | Tampa, FL 33601-3396 |

*/s/ Ashley N. Rector*
Attorney