UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWING D. DANIEL,**
**WILLIAM COTTRILL,**
**BROOKE PADGETT,**
**MICHAEL FANELLA,**
**ELAINE LAREINA,**

        **Plaintiffs,**                      CASE NO.: 8:17-cv-02503-SCB-JSS

v.

**NAVIENT SOLUTIONS, LLC,**

        **Defendant.**
_____/

**PLAINTIFFS' SUPPLEMENT TO MOTION FOR SANCTIONS**

      Plaintiffs, Ed Daniel *et al*. ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 37, hereby files this Supplement to the pending Motion for Sanctions against Navient Solutions, LLC ("Defendant" or "NSL") based on Defendant's failure to obey this Court's June 26, 2018 Order ("Order") (Doc. 65) and additional gamesmanship during the course of discovery.

      Specifically, in addition to the conduct described in Plaintiffs' first Motion for Sanctions, Doc. 94, since the filing of that motion Defendant and its counsel have:

- Failed to produce documents admitted during deposition to exist;

- Produced documents that they have previously represented to this Court did not exist; and

- Produced documents that they were previously ordered in June to produce mere hours before and even *during* relevant depositions.

1

It is clear that Defendant and its counsel have engaged in a strategy of obstruction and delay in violation of the spirit and letter of the Federal Rules of Civil Procedure, the Middle District Discovery Handbook, and this Court's June 26, 2018 Order.

## **PROCEDURAL BACKGROUND AND FACTS**

This Supplement incorporates the Procedural Background and Facts set forth in the Motion for Sanctions, Doc. 94, and in addition states as follows:

1. On June 26, 2018, the Court granted Plaintiffs' motion to compel and ordered Navient to produce within sixty (60) days of the date of the Court's Order "All documents reflecting communications with Plaintiffs including without limitation call logs, account notes, *audio recordings*, transcripts, letters, bills, etc.," (Request for Production 11). *See* Doc. 42 Ex. 4; Doc. 65 (emphasis added).

2. In the same order, the Court granted Plaintiffs' motion to compel and ordered Navient to produce within sixty (60) days "All documents related to any complaints or grievances made by or on behalf of any borrowers against [NSL] relating to or involving the PSLF program" (Request for Production 18). *See* Doc. 42 Ex. 4; Doc. 65.

3. The deposition of Defendant's corporate representative occurred on November 29, 2018.

4. On the evening of November 28, 2018, Defendant's counsel produced hundreds of pages of documents and recordings that had never been produced before.

5. First, Defendant's counsel produced more than 200 pages of records at 5:10 p.m., including documents related to NSL's policies and procedures. *See* **Exhibit A**.

6. Then Defendant's counsel produced about 50 more pages of records and 5 additional recordings at 7:18 p.m. *See* **Exhibit B**.

7. Thereafter, Defendant's counsel produced 11 more recordings at 7:56 p.m. *See* **Exhibit C**.

8. Further, Defendant's counsel produced about 30 more pages of records related to NSL's policies at 10:55 a.m. on November 29, 2018, **while the deposition was actually occurring**. *See* **Exhibit D**.

9. Moreover, on November 26, 2018, Defendant's counsel previously represented to this Court that there were no more recordings related to Plaintiff Ed Daniel. Doc. 99, p. 5.

10. However, on December 3, 2018, on the evening before Mr. Daniel's deposition, after business hours and for the first time, Defendant produced six additional recordings of Mr. Daniel's interactions with NSL related to this action, despite have been ordered in the Court's June June 26, 2018, Order granting Plaintiff's motion to compel to produce such materials within sixty (60) days of the date of the Court's Order. *See* Doc. 42 Ex. 4; Doc. 65. Moreover, NSL had only a week before making this last-minute, after-hours production represented to this Court that no such recordings exist. *See* **Exhibit E**.

11. Moreover, during her deposition, NSL's corporate representative testified that there were additional documents related to complaints by consumers, including letters and e-mails. NSL has not produced a single page of such documents (despite being ordered to do so) and instead its counsel has falsely represented that a single spreadsheet was the only such document. Doc. 99, p. 8.

12. Defendant's gamesmanship has prevented meaningful discovery leading up to the filing of Plaintiffs' class certification motion.

13. Plaintiff requests this court to sanction Defendant and its counsel for disobeying this Court's order.

**MEMORANDUM OF LAW**

Plaintiffs incorporate the Motion for Sanctions, Doc. 94, including the memorandum of law contained in that motion. NSL has violated this Court's Order for strategic purposes and should be sanctioned.

**Failure to Produce Relevant Documents**

As detailed in the Motion for Sanctions, NSL was ordered to produce all documents related to consumer complaints. Doc. 94, p. 5-6; Doc. 65. Instead, NSL produced only a spreadsheet that it claims "is the document responsive to plaintiff's request." Doc. 99, p. 8. However, during the deposition of NSL's corporate representative, NSL admitted that other documents exist relevant to Plaintiff's request for such information, including letters and e-mails related to such complaints. NSL has not produced any such letters or e-mails, nor any other documents.

In its response to the Motion for Sanctions, NSL claims that such additional documents were "not requested or ordered and [are] unwarranted." Doc. 99, p. 8. All those claims are false. Those are exactly the documents that Plaintiffs requested. Doc. 94-1. Moreover, the Court ordered such documents produced. Doc. 65, ¶ 1. NSL's assertion that such documents are "unwarranted," is baseless – the issue has been litigated and NSL was ordered to produce the records. The failure to do so is why Plaintiffs now seek sanctions.

**Late-produced Documents**

Defendant's corporate representative's deposition occurred on November 29, 2018. On the evening of November 28, 2018, Defendant's counsel began producing additional records that they were ordered in June to have already produced. First, Defendant's counsel produced more than 200 pages of records at 5:10 p.m. Then they produced about 50 more pages of records and 5 additional recordings at 7:18 p.m. Thereafter, Defendant's counsel produced 11 more recordings

at 7:56 p.m.  Further, Defendant's counsel produced about 30 more pages of records during the corporate representative deposition.

Likewise, Plaintiff Edwing Daniel's deposition occurred on December 4, 2018.  On the evening of December 3, 2018, at 6:11 p.m., NSL's counsel sent additional recordings and documents never before produced.  Mere days before producing those recordings, NSL's counsel represented to this Court that such documents did not even exist.  Doc. 99, p. 5 ("NSL also confirmed that no additional recordings could be located for Daniel . . .").  That representation was false.

All of the additional records were documents that NSL had been ordered in June 2018 to produce by August 25, 2018.  Doc. 65.  Such documents include information about NSL's policies and procedures, and recordings of phone calls between Plaintiffs and Defendant.  *See e.g.*, Doc 94-1, p. 7; Doc. 65, ¶¶ 1-2.  The fact that NSL did not produce those documents until months later (hours before and during depositions) demonstrates conclusively that NSL chose to disobey this Court's order in order to engage in discovery gamesmanship.  Such conduct should be punished in a manner that ensures that NSL obtains no benefit from its defiance of the Court's order.

## **CONCLUSION**

In addition to the reasons set forth in the Motion for Sanctions, for the reasons set forth above, Plaintiffs respectfully request that this Court grant Plaintiff's Motion for Sanctions.  Doc. 94.  "It is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process."  *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 676 (M.D. Fla. 2008) (awarding sanctions for failing to produce documents after court order).

Here, the timing of NSL's strategy of obstruction has prejudiced Plaintiffs in preparing the motion for class certification.  NSL should have produced all these materials months ago – as it was ordered to – so that Plaintiffs could have pursued any follow-up discovery or additional areas

of inquiry. Mere payment of fees is insufficient to cure the prejudice here. This Court should sanction NSL severely to assure that its strategy is not effective and to dissuade other litigants from violating discovery orders, as NSL did.

Dated: December 5, 2018                    Respectfully Submitted,

| | |
|---|---|
| **KYNES, MARKMAN & FELMAN, P.A.** | **CENTRONE & SHRADER, PLLC** |
| P.O. Box 3396 | 612 W. Bay Street |
| Tampa, Florida 33601 | Tampa, Florida 33606 |
| Phone: (813) 229-1118 | Phone: (813) 360-1529 |
| Fax:    (813) 221-6750 | Fax:    (813) 336-0832 |
| | |
| /s/ Katherine Earle Yanes | /s/ Gus M. Centrone |
| **KATHERINE EARLE YANES, ESQ.** | **BRIAN L. SHRADER, ESQ.** |
| Florida Bar. No. 658464 | Florida Bar No. 57251 |
| e-mail: kyanes@kmf-law.com | e-mail: bshrader@centroneshrader.com |
| | **GUS M. CENTRONE, ESQ.** |
| | Florida Bar No. 30151 |
| | e-mail: gcentrone@centroneshrader.com |
| | **Attorneys for Plaintiffs** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2018, I presented a true and correct copy of the foregoing to the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, for filing and uploading to the CM/ECF system.

                                              /s/ Gus M. Centrone
                                              Attorney