UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWING D. DANIEL, et al.,

      Plaintiff,

v.                                      Case No: 8:17-cv-2503-T-24JSS

NAVIENT SOLUTIONS, LLC,

      Defendant.

_____/

## ORDER

THIS MATTER is before the Court on Plaintiffs' Second Motion to Compel Discovery (Dkt. 90), Plaintiffs' Third Motion to Compel Discovery (Dkt. 93), Plaintiffs' Motion for Sanctions (Dkt. 94), and Defendant's responses in opposition. (Dkts. 97-99.) The Court held a hearing on the motions on December 19, 2018. Upon consideration of the motions, responses, and argument of counsel, and for the reasons stated at the hearing and herein, the motions are granted in part and denied in part.

## BACKGROUND

Plaintiffs are a group of individuals working in public interest occupations who intended to use the Public Service Loan Forgiveness ("PSLF") program to forgive their student loans. (Dkt. 19 at 10-16.) All of the Plaintiffs used Defendant, Navient Solutions, LLC, to service their student loans. (*Id.*) Plaintiffs allege that they relied on incorrect information and advice given to them by Defendant regarding their eligibility for student loan forgiveness under the PSLF program. (*Id.*) Plaintiffs filed this Class Action Complaint against Defendant, on behalf of themselves and a proposed class of similarly-situated loan borrowers, for breach of fiduciary duty (Count I), negligence (Count II), unjust enrichment (Count III), breach of implied-in-law contract (Count

IV), violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq.* (Count V), violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 501 *et seq.* (Count VI), violation of the District of Columbia Consumer Protection Procedures Act, D.C. Code Ann. § 28.3901 *et seq.* (Count VIII), and violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.* (Count VIII).  (*Id.* at 19-28.)

On February 8, 2018, the Court entered a Case Management and Scheduling Order, imposing a discovery deadline of May 15, 2019, and a dispositive motions deadline of June 14, 2019.  (Dkt. 24.)  Plaintiffs' class certification deadline was December 14, 2018.  (Dkt. 67.) Plaintiffs began serving Defendant with discovery requests in February 2018.  (Dkt. 94-1.)  On June 26, 2018, the Court granted in part and denied in part Plaintiffs' First Motion to Compel Discovery.  (Dkt. 65.)  On September 20, 2018, Plaintiffs' counsel communicated with defense counsel to address several issues with respect to Defendant's supplemental discovery.  (Dkt. 94-4.)  The parties thereafter attempted to resolve their discovery issues and on November 3, 2018, Defendant assured Plaintiffs that it was continuing to supplement its discovery.  (Dkt. 94-5.)  On November 12, 2018, Plaintiffs filed the motions at issue seeking to compel discovery and sanction Defendant for its failure to comply with the prior discovery order.  (Dkts. 90, 93, 94.)  On November 29, 2018, Plaintiffs deposed Defendant's corporate representative.  (Dkt. 104 ¶ 3.)  On December 14, 2018, Plaintiffs timely filed their Motion for Class Certification.  (Dkt. 111.)

## APPLICABLE STANDARDS

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1). "Proportionality requires counsel and the court to consider whether relevant information is

discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).

"[A] party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  If the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  However, "the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii).

Similarly, under Rule 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C); *see Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants").

"Substantially justified means that reasonable people could differ as to the appropriateness of the contested action."  *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  Courts have "considerable discretion in managing discovery and determining that reasonable people could differ in the appropriateness of . . . discovery requests."  *Neumont v. Fla.*, 610 F.3d 1249, 1253 (11th Cir. 2010) (affirming the district court's decision to grant four motions to compel but to decline awarding

sanctions).  However, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the court's order.  *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

**ANALYSIS**

### A.  Plaintiffs' Second Motion to Compel

In their Second Motion to Compel Discovery, Plaintiffs seek to compel production of materials pertaining to the compensation structure of Defendant's call service representatives. (Dkt. 90 at 9-12.)  Plaintiffs argue that the compensation structure of Defendant's call service representatives is relevant because Defendant incentivized shorter call times with customers.  (Dkt. 90 at 2.)  As previously ordered during the hearing on December 19, 2018, Defendant's objections are overruled, and Plaintiffs' Second Motion to Compel is granted as to Requests 1, 2, and 4 of Plaintiffs' Second Request for Production.  Plaintiffs' Second Motion to Compel is denied as to Request 3 of Plaintiffs' Second Request for Production.  Defendant's supplemental discovery is due on or before February 15, 2019.

### B.  Plaintiffs' Third Motion to Compel

In their Third Motion to Compel Discovery, Plaintiffs seek to compel production of documents pertaining to Defendant's communications with certain identified potential class members.  (Dkt. 93 at 4-5.)  Plaintiffs state that these individuals "are some of the people who, upon learning of this lawsuit, have informed Plaintiffs' counsel that they were subjected to virtually identical conduct from [Defendant] as the named Plaintiffs in this action."  (Dkt. 93 at 3.)

As previously ordered during the hearing on December 19, 2018, Plaintiffs' Second Motion to Compel is granted in part as to Plaintiffs' Requests for Production 11 through 36.  However, Plaintiffs' request for "[d]ocuments" is overbroad and not sufficiently particularized.  *See Houston*

- 4 -

*Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc.*, No. 215CV219FTM29MRM, 2016 WL 7130939, at *6 (M.D. Fla. July 19, 2016) ("[A]s drafted, these Requests are overbroad because they request 'any and all documents related to' a subject."). As addressed during the hearing, Plaintiffs must identify specific categories of documents requested, such as call logs, account notes, and specifically identified call recordings. Defendant need not produce billing statements. Further, as previously ordered, Plaintiffs, by January 11, 2019, and under the terms of the parties' Confidentiality Agreement, are to furnish Defendant with authorization forms that contain the account number or full social security number associated with each request, along with the borrower's name. Defendant's supplemental discovery is to be provided on a rolling basis on or before February 15, 2019.

### C. Plaintiffs' Motion for Sanctions

In their Motion for Sanctions, Plaintiffs ask the Court to sanction Defendant for its failure to timely produce responsive materials in violation of this Court's prior discovery order of June 26, 2018. (Dkt. 94.) As explained below, the Court agrees that Defendant has failed to furnish the discovery at issue but concludes that Defendant's failure was substantially justified. Further, the prejudice to Plaintiffs can be ameliorated by providing Plaintiffs the opportunity to file an amended motion for class certification and to conduct a limited second deposition of Defendant's corporate representative.

Plaintiffs served Defendant with Plaintiffs' First Request for Production and Plaintiffs' First Interrogatories on February 7, 2018. (Dkt. 94-1 at 9, 25.) In the two discovery requests at issue, Plaintiffs asked Defendant to (1) produce "[a]ll documents related to any complaints or grievances made by or on behalf of borrowers against Defendant relating to or involving the PSLF program," and (2) identify every employee or former employee "who has ever spoken to or

communicated with Plaintiffs, including their name, employee identification number, [and] the dates of their employment." (Dkt. 94-1 at 9, 18.)  In the Court's order of June 26, 2018, the Court ordered Defendant to supplement its discovery responses and produce all responsive documents by August 25, 2018.  (Dkt. 65 ¶ 5.)

The arguments presented in the briefs and during the hearing establish that while Defendant produced some responsive materials by August 25, 2018, it failed to produce all responsive materials in its possession, custody, or control by that date, in violation of the Court's prior discovery order.  (Dkt. 65).  In particular, Defendant's production of a spreadsheet summarizing customer complaints did not satisfy its obligation to produce the underlying written complains or grievances made by borrowers regarding the PSLF program.  Defendant's argument that the written complaints were maintained in a separate database is unpersuasive, because the complaints were nonetheless within Defendant's possession and within the scope of the discovery request.  In addition, Defendant failed to timely identify the last known contact information of its employees, even though Plaintiffs' interrogatories defined "identify" to include an individual's last known address. (Dkt. 94-1 at 4.)  Thus, the Court finds that Defendant violated the Court's June 26, 2018 discovery order.

Although Defendant's production of the discovery at issue has been inadequate, the Court does not consider an award of sanctions to be appropriate at this time as reasonable people could differ regarding the appropriateness of Defendant's actions.  However, Defendant is cautioned that future discovery violations as well as the failure to comply with this Order may result in sanctions. *See* Fed. R. Civ. P. 37.  Further, in light of Defendant's delay in furnishing responsive discovery, the Court concludes that Plaintiffs are entitled to file an amended motion for class certification. *See, e.g.*, *Lankford v. Carnival Corp.*, No. 12-24408-CIV, 2014 WL 11878383, at *2 (S.D. Fla.

Feb. 12, 2014) (recognizing that "[a]ny prejudice to Plaintiffs caused by the delay in producing the entire . . . database has been diminished by the extension of discovery deadlines and the date for filing a motion for class certification").  In addition, in light of Defendant's delay in timely producing the discovery at issue, the Court agrees that Plaintiffs are entitled to conduct a limited second deposition of Defendant's corporate representative for the purpose of inquiring about any discovery received on or after November 29, 2018, the date of the first deposition.  The deposition shall occur within 15 days of the date of this order and may be held by telephone if agreed to by the parties.  Having found that Defendant was substantially justified in its belated disclosure of discovery, the Court declines to sanction Defendant with the costs of the second deposition.

Because these remedies will adequately address Defendant's delay in furnishing discovery, the Court denies Plaintiffs' request for more severe sanctions, such as adverse class inferences.  *Cf. Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1543–43 (11th Cir. 1993) (when less drastic sanctions do not ensure compliance with court orders, more severe sanctions, including default judgment, may be appropriate).

### D.  Expenses and Costs

Finally, to the extent that Plaintiffs have requested expenses and costs incurred or other sanctions in filing the motions at issue in this Order, the requests are denied.  (Dkt. 90 at 11; 93 at 9; Dkt. 94 at 10).  Rule 37 provides that if a motion to compel is granted in part and denied in part, the Court "may . . . apportion the reasonable expenses for the motion[;]" and if a motion to compel is denied, the Court "must" require the moving party to pay the opposing party's reasonable expenses, but must not order the payment if "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B), (C).  Here, as the

Court finds Defendant was substantially justified in the discovery disputes at issue, an award of expenses is not appropriate.

Accordingly, it is

**ORDERED**:

1. Plaintiffs' Second Motion to Compel Discovery (Dkt. 90) is **GRANTED** in part and **DENIED** in part, as previously ordered.  The motion is granted as to Requests 1, 2, and 4 of Plaintiffs' Second Request for Production, and denied as to Request 3.

2. Plaintiffs' Third Motion to Compel Discovery (Dkt. 93) is **GRANTED** in part, as previously ordered and with the limitations set forth above.  Plaintiffs, by January 11, 2019, and under the terms of the parties' Confidentiality Agreement, are to furnish Defendant with authorization forms which include the account number or full social security number associated with each request, along with the borrower's name. Defendant is to furnish responsive production on a rolling basis on or before February 15, 2019.

3. Plaintiffs' Motion for Sanctions (Dkt. 94) is **DENIED**; however, to the extent it has not already done so, Defendant, within 10 days of the date of this order, shall furnish discovery responsive to Plaintiffs' Interrogatory Number 2 and Request 18 of Plaintiffs' First Request for Production, as previously ordered on June 26, 2018.

4. Plaintiffs are granted leave to file an amended class certification motion on or before January 31, 2019.  Defendant's response shall be filed on or before March 4, 2019.

5. Plaintiffs are granted leave to conduct a second deposition of Defendant's corporate representative within 15 days of the date of this order or as otherwise agreed to by the parties.  The deposition is to be limited to inquiry regarding discovery produced by

Defendant on or after November 29, 2018.   The deposition may be conducted telephonically by agreement of the parties.

6.   Plaintiffs' Motion for Leave to File a Reply (Dkt. 100) is **DENIED**.

7.   Plaintiffs' motions are denied as to the requests for attorneys' fees.

**DONE** and **ORDERED** in Tampa, Florida, on January 10, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record